McBride and another vs. Republic Fire Insurance Company.

APPEAL from the Circuit Court for *Milwaukee* County. The opinion states the case.

*J. D. Markham*, (with *F. W. Cotzhausen*, of counsel) for appellants.

*Palmer, Hooker & Pitkin, contra.*

McBRIDE and another vs. REPUBLIC FIRE INS. CO.

*Fire Insurance—Incendiarism—Evidence—Waiver.*    (1.) *Parol evidence admissible to show that agent had inserted improper statements in policy.*    (2, 3.)    *Incendiary danger, degree of necessary to void policy.*    (4.)    *Waiver of proofs of loss, what constitutes.*    (5.)    *Evidence as to failure of insured to pay purchase money, when irrelevant.*

1. When the application for a policy of insurance against fire is filled out *by the insurance company's agent*, and contains erroneous statements (in this case relating to the title to the land on which the property insured is situate), it may be shown by parol that the agent inserted such statements after being correctly informed by the applicant; and in such case the policy will not be avoided by the error. *Miner v. Phœnix Ins. Co.*, 27 Wis., 693, followed.

2. Where the applicant, being required to state whether there was any incendiary danger to the property threatened or to be apprehended, stated that there was none, this would avoid the policy, if there was such danger fairly and reasonably to be apprehended, and known to the applicant, and not disclosed by him to the agent.

3. But such danger must be real and substantial, one which necessarily enhances the risk, and which a man of ordinary prudence would regard, and not simply idle talk or reports which might properly be disregarded as mere idle gossip.

4. When the general agent of the insurance company, after examining upon the spot the circumstances attending the loss, told plaintiffs that he could not recommend the company to pay the loss (for certain reasons), this was a denial of all liability on the part of the company, and a *waiver* of its right to demand the usual "proofs of loss."

5. It appearing that the legal title to the land on which the property was situate, was in the insured before he made the application, as was stated by him in making such application, evidence, in behalf of the company, that he had not fulfilled his contract with his vendor in respect to the purchase money, was entirely irrelevant.

APPEAL from the Circuit Court for *Winnebago* County.

*McBride* and *Faulkner* brought their action to recover from the defendant upon a policy of insurance. The complaint was in the usual form, setting up the policy and the destruction of the premises by fire. The answer disclosed two grounds of defense: first, that plaintiffs had made false representations with regard to the title to the realty; and, second, that they had made false representations as to the danger from incendiarism. The evidence is sufficiently stated in the opinion. Defendant's counsel, among other special instructions, asked the following: 1. That if the jury believed that plaintiffs, in their application for insurance, agreed and warranted that they were the owners of an absolute estate in fee simple of the land upon which the building was situated, and that in fact the plaintiff *Faulkner* was not seized jointly with the plaintiff *McBride* of an absolute estate, the plaintiff could not recover. 2. That if plaintiffs in thier application agreed and warranted that they had an absolute estate, in fee simple, of the land, and that in fact they

were not jointly seized of an absolute estate, in fee simple, then they could not recover. Both of these instructions were refused. Verdict for plaintiffs, and a motion for a new trial being overruled, defendant appealed.

*Coleman & Thorp*, for appellant, argued that it was incumbent upon the plaintiffs to prove a substantial compliance with the conditions of the policy and application to entitle them to recover. One of those conditions was, that plaintiffs *jointly* owned the store, building and real estate. What *Faulkner* told McMullen before the policy was issued, as to his title to the realty was wholly immaterial and incompetent. It was immaterial, because all parol agreements made before the making of the application and policy were merged in the written agreement, and incompetent, because parol evidence is not admissible to establish title to real estate. The written application and policy were the best evidence of what Faulkner really stated to McMullen relative to his title to the realty, and in the absence of fraud were conclusive upon the plaintiffs and could not be contradicted by parol testimony. 2 Phillips on Insurance, page 653, and cases there cited; *Clark v. Ins. Co.*, 8 How., 235; *Roberts v. Ins. Co.*, 3 Hill, 501; *Stout v. Ins. Co.*, 12 Iowa, 371; *Tebbetts v. Ins. Co.*, 1 Allen, 305; *Brown v. Ins. Co.*, 18 N. Y., 385; *Chase v. Ins. Co.*, 20 N. Y., 52; *Barrett v. Ins. Co.*, 7 Cush., 175; *Lowell v. Ins. Co.*, 8 Cush., 127; *Finney v. Ins. Co.*, 8 Met., 348.

To the point that the production of a certificate of loss was a condition precedent to plaintiff's right of recovery, counsel cited *Catlin v. Ins. Co.*, 1 Sumner (Cir. Court) R., 434; Angell on Insurance, 291, 292, 293; *Columbia Ins. Co. v. Lawrence*, 10 Peters, 507; *Dadmun v. Worcester Ins. Co.*, 11 Met., 429; *O'Neil v. Ins. Co.*, 3 N. Y., 122; *Mason v. Harvey*, 22 Law Jour., N. S., 336; *Cornell v. Ins. Co.*, 18 Wis., 387; *Wellcome v. Ins. Co.*, 2 Gray, 480. Conceding that the production of such proof of loss may be waived, yet the question of whether an actual waiver has occurred, is a question of fact for the jury, and not a

question of law for the court. *Keeler v. Insurance Co.*, 16 Wis. 523; *Sheldon v. Insurance Co.*, 26 N. Y., 460; *Wood v. Insurance Co.*, 32 N. Y., 619.

*Felker & Weisbrod*, for respondents, to the point that if the insurance agent, without plaintiffs' knowledge, inserted in the application that they were the owners in fee, when in fact they had told him the truth as to their title, plaintiffs ought to recover, cited *May et al. v. Ins. Co.*, 25 Wis., 291; *Beal v. Ins. Co.*, 16 Wis., 241; *Veile v. Germania Ins. Co.*, 26 Iowa, 69 and 72; *Rowley v. Ins. Co.*, 36 N. Y., 550; *Columbia Ins. Co. v. Cooper*, 50 Pa. St., 331; *Campbell v. M. and F. Ins. Co.*, 37 N. H., 35; *Marshall v. Columbian Ins. Co.*, 27 N. H., 157; *N. E. F. and Marine Ins. Co. v. Schettler*, 38 Ill., 166; *Franklin v. Atlantic Fire Ins. Co.*, 42 Mo., 457; *Clark v. Ins. Co.*, 40 N. H., 333, 341; *Ætna Ins. Co. v. Olmstead*, 21 Mich. 246. To the point that the denial by the defendant's agent of all liability, after making an examination, was a waiver of any further proofs of loss, counsel cited *Norwich and N. Y. Trans. Co. v. Western Mass. Ins. Co.*, 34 Conn., 561-567; *Charleston Ins. and Trust Co. v. Neve*, 2 McMullen, S. C., 237; *Tayloe v. Ins. Co.*, 9 How., 390-403; *Phœnix Ins. Co. v. Taylor*, 5 Minn., 492; Phillips on Insurance, §§ 1812, 1813; 16 Wis., 318; 6 Cush., 342; 3 Comstock, 122; 25 Wend., 374.

COLE, J. The defense in this case rested mainly upon two grounds: first, that in the written application made by the plaintiffs they falsely represented and stated that they were the owners in fee simple of the real estate upon which the store building was situated, whereas in fact the title was not in them: secondly, that they farther represented on the application that there was no incendiary danger to the property threatened or to be apprehended, while the plaintiffs well knew that a certain person, whose name is given in the answer, had threatened and declared that she would burn the store and contents; and therefore, that there was such a breach of warranty in these two particulars as

would preclude a recovery on the policy. The fact does not seem to be questioned that the application was filled up by J. E. McMullen, who was the agent of the company, and solicited the risk. And it was stated in the application that the plaintiffs were joint owners of the real estate upon which the store was situated. The company, however, offered in evidence a warrantee deed to the plaintiff *McBride*, dated January 7th, 1868, showing that the title to the premises was in him and not in the plaintiffs jointly. But the plaintiff *Faulkner* was permitted to testify, against the objection of the company, that he stated to the agent, McMullen, when the application was filled out, the arrangement between him and his co-plaintiff in respect to the title to the real estate, and says: "I told him I was to acquire it through *McBride*, who furnished the store and the lot it stood on, and the capital also, and I was to have half; our contract was for three years, and I told McMullen what the contract was." And, as bearing upon the part of the defense, the court, in its charge, directed the jury, in substance, that if the plaintiffs told the agent who made out the application the truth in regard to the title as it then was, but the agent, without their knowledge, inserted in the application that they were the owners in fee, then a recovery could be had, notwithstanding this misrepresentation in respect to the title. This portion of the charge was excepted to by the defendant. As this exception involves substantially the objection taken to the admission of the evidence above referred to, as well as the exceptions taken to the refusal of the court to give the first two special instructions asked on the part of the defendant, these various exceptions will be considered together.

We are inclined to hold that the testimony of the witness, *Faulkner*, was properly admitted. Its direct and manifest tendency was, of course, to prove that the plaintiffs informed the agent who filled up the application, the precise truth in regard to the title to the real estate, and that such agent, without their knowledge, either through mistake or intentionally, stated

that the legal title was in them jointly, when, in fact, it was in *McBride*, for the use and benefit of the firm. The evidence was intended to show, that there was a mistake in the written application upon this point, but that this mistake occurred through the carelessness or fraud of the company's agent. It may be said that the plaintiffs had no right to trust the agent to write out their answers to the questions in the application, and that if they saw fit to do so, and he made a mistake, they are responsible for it, and must take the consequences of the misrepresentation in regard to the title. This view of the law was most emphatically disapproved by the circuit judge in his charge to the jury, and we fully concur in his opinion upon that subject. These agents are traveling through the country soliciting applications for insurance. They frequently have occasion to deal with men unacquainted with the business of insurance, who, from the necessity of the case, rely, and have the right to rely, upon the superior skill and experience of the agent in filling up applications. And if the applicant states truly all the facts in respect to the title and his insurable interest in the property, and the agent inserts an incorrect answer in the application, either intentionally or otherwise, there is no reason for holding that the assured is bound by it. In such a case the mistake of the agent is the mistake of the company itself, and the assured is not estopped from showing the falsity of the statement contained in the application. This doctrine in effect has been recognized and enforced in a number of cases which have come before this court. *Miner v. The Phœnix Ins. Co.,* 27 Wis., 693, and the authorites there cited.

Under the charge of the court, the jury must have found that the plaintiffs made no representation in regard to the title of land on which the store was situated, which was untrue, and that McMullen, either by design or carelessness, failed to insert the correct answers in the application. And this mistake or fraud could be shown by parol testimony, and the charge of the court upon that point is fully sustained by the *Miner* case.

In reference to the other ground of defense, the court charged the jury that if there was any incendiary danger fairly and reasonably to be apprehended, which was known to the plaintiffs, it was their duty to state it in the application, and inform the agent of it, and if they answered falsely in that regard, and a loss ensued, this would relieve the company from liability It is true, the court added that this incendiary danger must be real and substantial—one that necessarily enhanced the risk, and one which a man of ordinary prudence and caution would regard, and not mere idle talk or reports, which the applicant, if he knew about them, might be excused from repeating to the agent. The rumor about the threats made by the person mentioned in the answer was obviously of the latter character, and one which the plaintiff might well have disregarded as mere idle gossip.

These remarks, it is believed, sufficiently dispose of all questions arising upon the two principal grounds of defense set up in the answer.

But the defendant further insists that there were no proper proofs of loss made, as required by the policy.

It appears that soon after the loss the agents of the company came to the place where the plaintiffs reside, to examine into the matter. The plaintiffs state that the general agent, Beveridge, told them at the time that he came to take proofs of loss. This was doubtless the examination provided for in the policy, and was not what is technically termed the proofs of loss, which the assured is usually bound to furnish. It appears, however, that the general agent, after having examined into the facts relative to the fire and the amount of property, told the plaintiffs that he could not recommend the company to pay the loss, as it appeared from their statements that they had sold more goods than they had purchased. In other words, the agent, after the examination, stated to them that " they had no claim under the policy," thus denying all liability on the part of the company to pay the loss. This the court held to

McBride and another vs. Republic Fire Insurance Company.

be a waiver by the company of the right to demand formal proofs of loss; and the authorities fully sustain the rule laid down in the charge upon this point: "Presentation of proofs under such circumstances was of no importance to either party, and the law rarely, if ever, requires the observance of an idle formality, especially after the party for whose benefit the original stipulation was made, has rendered conformity thereto unnecessary and practically superfluous." *Norwich & New York Trans. Co. v. Western Mass. Ins. Co.*, 34 Conn., 561, 570, and authorities cited. And, for a like reason, all necessity for producing the certificate of the magistrate was obviated by the position of the company that it was not liable for the loss. That the defendant denied its liability, was a fact sworn to by the agents themselves, who made the examination into the circumstances of the loss, and who told the plaintiffs that they had no claim under the policy. There was, therefore, no question of fact for the jury to pass upon, but merely a question of law, whether, upon the facts admitted, the company had not waived the conditions in the policy.

The offer on the part of the defendant to prove by the witness Delano the terms of the contract for the sale of the property on which the store building stood, made by him with the plaintiff *McBride*, was clearly irrelavent to the issues, and was properly excluded from the consideration of the jury. The deed was in evidence, which showed that some months before the policy was issued the property was conveyed to *McBride*, who doubtless held the legal title, as we have before observed, for the benefit of the firm. But whether *McBride* had complied with the conditions of the contract made by him with the witness Delano, was entirely immaterial.

Upon the whole record we think the judgment of the circuit court is correct, and that it must be affirmed.

*By the Court.* Judgment affirmed.