Devine vs. The Home Insurance Company.

DEVINE VS. THE HOME INSURANCE COMPANY.

32 471
60 LRA 921

FIRE INSURANCE. *Waiver of condition in policy as to effect of premises becoming and remaining vacant.*

1. If an insurance agent, knowing that premises sought to be insured are unoccupied, issues a policy of insurance thereon, using a form containing a clause which declares that the policy shall become void in case the premises shall become vacant and remain so for thirty days without notice to the company and its consent given in writing,— and if he fails to strike out such clause or to furnish the written consent of the company, the fault being that of the agent and not that of the insured, this operates as a *waiver* of such condition on the part of the company, and it will be liable in case of loss. *Miner v. Ins. Co.* (27 Wis., 693), and earlier cases in this court, approved and followed.

2. If the policy had been issued upon a promise of the assured that the premises would be occupied within thirty days, and they had remained unoccupied for a longer time without notice to or consent of the company, *it seems* that this would have avoided the policy.

3. But if, in the negotiations between the agent and assured, no time was definitely fixed within which the premises should be occupied, the policy would continue valid until the company, by its agent, notified the assured that it elected to cancel the policy, and refunded the premium.

APPEAL from the Circuit Court for *Dane* County.

On the 4th of August, 1870, upon the plaintiff's oral application, the defendant's agent at Madison in said county issued to him a policy of insurance against fire, for two years from that date, by which he was insured to the amount of $200 upon the "log dwelling house" situate upon certain premises of the plaintiff in the town of Cottage Grove in Dane county. By one of the conditions named in the body thereof, the policy was to be void in case the premises should become vacant or unoccupied, and so remain for more than thirty days, without notice to and consent of the company in writing. Said dwelling house having been destroyed by fire on the night of July 31, 1871, this action was brought upon the policy. The answer denied the liability of the defendant company, on the ground that the conditions of the policy had not been complied with. The defense relied upon at the trial was based upon the particular condition above described as to the premises becoming and remaining vacant. Upon this point the plaintiff testified that his own residence was in Madison; that the house in question had not been occupied for three years before the fire; and that he stated to the agent, at the time the house was insured, that it was not occupied.

A nonsuit having been denied, the agent of the defendant company testified: "*Mr. Devine* came in to insure his dwelling house [in Madison]; at the same time he remarked that he believed there was a policy on his farm that was expiring, and that he would like to insure his farm property in the *Home Company.* He said the premises were unoccupied; I forget how long he said they had been so — either one, two or three years; but that he intended to stop keeping his saloon, and go on to the farm himself, or, if he did not, would put on a tenant. I told him the premises must be occupied in a few weeks. He never notified the company that the premises had not been occupied; and it never gave him permission to let them remain unoccupied. I told him the premises must be

Devine vs. The Home Insurance Company.

occupied within a few weeks.  My recollection is that he said the house was to be occupied in a very short time; I think in a few days; no longer than a few weeks at any rate."  On cross examination, the witness said: "He said the place was let, and he could not go in until the lease expired, any way. No time was mentioned about the length of the lease.  I said not a word about the rate being more or less.  I fixed the rate.  It was the same as occupied rates.  It was mentioned that he or a tenant was to occupy the house within thirty days.  No agreement was made in writing, and nothing was entered on our book to that effect.  I said he would have to go there, or have a tenant there, so as to occupy it within thirty days."

The plaintiff, being recalled, testified in his own behalf: "I told him the house went with the farm, and it was rented to another man, and that in case my wife would give consent, on some future day I might go out to the farm myself.  I did not say at what time, or how soon.  He did not say anything about that making any difference with the insurance.  He was very anxious to get my insurance.  He said nothing about the rates.  I never read the policy."  In reply to a question by the court, the witness said: "He never made any such remark as that it would have to be occupied in thirty days.  We did not talk much about it. I left it all to him."

At plaintiff's request the court instructed the jury as follows: "In order that the representation in regard to future occupancy, alleged to have been made by the plaintiff, should be of a character to avoid the policy, it must have been made on his part with an understanding that it was material and influential to effect an insurance, and not have been a mere general and casual statement of his future intention in regard to the use he should make of the property."

At the defendant's request the following instruction was given: "If the jury find that the plaintiff, in his application

for insurance, represented, as part of such application, that the building insured was then vacant, but was to be occupied within thirty days, and so continue to be occupied during the continuance of the policy, such representations were material, and if the defendant relied upon them, the policy of insurance must be construed in connection with such representations; and if the building was vacant and unoccupied, and so continued for more than thirty days immediately previous to the fire which destoyed it, without notice to defendant and its consent, defendant is not liable on the policy."

The following instruction was asked by the defendant, but refused : " If the plaintiff, in his application for insurance, represented, as part of such application, that the building to be insured was then vacant but was presently to be occupied and so continue to be during the continuance of the policy, such representations were material, and, if the defendant relied upon them, the policy must be construed in connection with such representations, and if the building was not occupied as it was represented that it would be, but was vacant and unoccupied and so continued for more than thirty days immediately previous to the fire which destroyed it, without notice to defendant and its consent, defendant is not liable on the policy."

Verdict for the plaintiff ; new trial denied ; and defendant appealed from a judgment on the verdict.

*Smith & Lamb*, for appellant, to the point that the fact of the house remaining unoccupied for more than thirty days, without any notice given to the company, or any offer to pay additional premium, rendered the policy void, cited *Keeler v. Niagara Ins. Co.*, 16 Wis., 523, 536–7 ; *Wustum v. City Fire Ins. Co.*, 15 id., 138.

*Wm. F. Vilas*, for respondent, argued, 1. That the policy here did not require unoccupied premises to be insured as such (as in *Wustum v. City Fire Ins. Co.*, 15 Wis., 138), nor prohibit insurance of unoccupied premises ; that the language in this policy here relied on by defendant does not apply to

property unoccupied at the time the policy was made, but is only directed against future changes; and that the issue of the policy purposely upon unoccupied property was a written consent by the company to its remaining in that condition. *Comm. Ins. Co. v. Spankneble*, 52 Ill., 53, 60. 2. If the agent, after being fully informed of the facts, issued a policy which falsely represented the risk actually taken, the company is estopped from taking advantage of the provision. *May v. Ins. Co.*, 25 Wis., 291; *Beal v. Ins. Co.*, 16 id., 241; *Keogh v. Daniell*, 12 id., 163. 3. The instruction refused was properly refused. (1) If the policy sustains the construction here claimed, the testimony to which that instruction relates was inadmissible, because the terms of the written contract could not be varied by any contemporaneous parol agreement. (2) There was nothing in what was said by plaintiff, even according to defendant's evidence, that could be called a false representation, since such a representation must relate to some existing fact. At most there was only a promise or understanding in regard to the future; and if defendant relied upon such an understanding, the agent should have incorporated it with the contract. *Langdon v. Doud*, 10 Allen, 433; *Herrick v. Ins. Co.*, 48 Me., 558; *Catlin v. Ins. Co.*, 1 Sum., 434; *Joyce v. Ins. Co.*, 45 Me.,168. (3) The instruction given at defendant's request covered every point material on his theory.

DIXON, C. J. The policy is of a form undoubtedly designed to be issued only when the buildings and property insured are situate upon premises which are occupied. Unoccupied premises, or buildings and property situate thereon and themselves unoccupied, would obviously require some different form of policy for their insurance against loss or destruction by fire. Either the condition with respect to the premises becoming vacant or unoccupied, and so remaining for the period of more than thirty days without notice to and consent of the company in writing, would need to be stricken out, or the

written consent of the company would be requisite at the time the policy issued.

But notwithstanding this is so, still it does not follow, because a policy in the first form was made out and delivered when the last form should have been adopted, that it is void in the hands of the insured. If the mistake was that of the agent of the company issuing the policy, or the fault, if any, his, and not that of the insured, the policy will nevertheless be valid, and the company bound to answer for the loss. This principle has been so often asserted by this court of late, and is sustained by such an abundance of authority elsewere, that it is needless to dwell upon it. *Miner v. Phœnix Ins. Co.*, 27 Wis., 693; *McBride v. Republic Fire Ins. Co.*, 30 Wis., 562; *May v. The Buckeye Mut. Ins. Co.*, 25 Wis., 291. If the agent who issued the policy knew that the premises were unoccupied, if he was so informed by the assured at the time, then it was his mistake or fault that the terms or conditions of the policy did not conform to the facts of the case or application presented, as he knew those facts to be. If, notwithstanding such knowledge, he issued the policy in form as shown, it was a waiver on his part, and through him on the part of the company, of any written or printed condition contained in the policy respecting the occupation of the premises and which would otherwise have gone to avoid the contract or release the company from liability. This was expressly so held in the two cases first above cited.

The proofs in this case show that the agent who made out and delivered the policy and received the premium from the plaintiff, knew that the premises were unoccupied at that time. The plaintiff so testified on his examination as witness, before he rested his case. The motion for a nonsuit was therefore properly denied. The case of *Wustum v. City Fire Ins. Co.*, 15 Wis., 138, cited by counsel for the company to this point, differed very materially in its facts. It appeared there that no notice was ever given to the company or its agent that the

house had become vacant or was unoccupied. And the case of *Keeler v. Niagara Ins. Co.*, 16 Wis., 523, also cited, is not in conflict with but corroborates the views above expressed. The case of *The Commercial Ins. Co. v. Spankneble*, 52 Ill., 53, cited by counsel for the plaintiff, was almost identical in its facts with the present. It was there held that the issuing of a policy containing a similar condition and under like circumstances, the agent being informed that the premises were unoccupied, bound the company.

The foregoing remarks seem to dispose of all the points taken and objections urged by counsel for the company. The agent himself, when brought to the stand, testified that he knew the house was unoccupied when he issued the policy, but further testified that the plaintiff agreed at the time that the same should be occupied within thirty days thereafter. Upon this question there was a conflict of testimony, and the jury, under a proper instruction from the court, found the fact for the plaintiff. Counsel for the company also asked another instruction on the same subject, which was refused, and, as we think, properly. It is obvious that the court should not have instructed the jury that the policy was void, except only in case they found that there was an agreement to enter and occupy within the thirty days, which was the instruction given. There was no testimony tending to show any other fixed or definite time within which the plaintiff was to enter. If there was no time for that purpose definitely fixed or agreed upon, then it would have become the duty of the agent to have ascertained the fact, and notified the plaintiff that the company elected to cancel or consider the policy void because the premises remained unoccupied. Until such notice was given, and the premium refunded, the contract would have remained obligatory upon the company.

*By the Court.*— Judgment affirmed.