## GEORGE W. GREENE *vs.* THE EQUITABLE FIRE AND MARINE INSURANCE COMPANY.

The E. Company issued a policy to C., payable in case of loss to G., for $1,000, with permission for $6,250 other insurance, and providing that if the insured, or any other person interested, should have other insurance on the property not assented to in writing, and mentioned in or indorsed on the policy, then the policy should be void. There was $8,000 other insurance procured, and the E. Co., after loss, denied its liability for this reason.

G., in an action against the E. Co., offered to prove that he gave notice to the E. Co. of $8,000 other insurance; that the company consented to the amount, and thereupon wrote its policy with permission for $6,250; that neither C. nor G. noticed the variance till after the loss; and that the insertion of $6,250, instead of $8,000, was a blunder of the E. Co.: —

*Held*, that the evidence was admissible to defeat, by way of estoppel, the defence of the E. Co.

PLAINTIFF'S petition for a new trial. The facts are stated in the opinion of the court.

*February* 24, 1877.  DURFEE, C. J.  This is an action upon a fire insurance policy issued by the defendant corporation to one John C. Conley, and payable in case of loss to the plaintiff.  The policy was for five years in the sum of $1,000, with " permission for $6,250 other insurance."

Upon the trial the plaintiff called as a witness one Robert J. Angell, who testified that Conley, at or about the same time, procured insurance, through him, upon the same risk in three other offices, to wit : $2,750 in the St. Nicholas Insurance Company of New York ; $2,750 in the Butler Mutual Fire Insurance Company of Providence ; and $2,500 in the Builders' Insurance Company of Boston, in all $8,000, — Angell being the agent in Rhode Island of the St. Nicholas Insurance Company and the Builders' Insurance Company, and the secretary of the Butler Mutual Fire Insurance Company ; that he, the said Angell, had obtained the two policies of $2,750 each, when he applied for the policy declared on, and that he could not swear whether he had then obtained the other policy or not.  The three policies were subsisting in force at the time of the fire.

The defendant corporation claimed that the policy in suit was forfeited and void, under a provision in it to the effect that, if the insured or any other person interested should have other insurance on the property not consented to in writing by the company, and mentioned in or indorsed upon the policy, then the policy should be void and of no effect.

Thereupon the plaintiff offered to prove by Angell that when he applied for insurance to the defendant he notified it that there was to be other insurance as above stated, and that the defendant assented thereto, and agreed to issue the policy with permission for $8,000 other insurance, and thereupon made out and delivered to him the policy in suit, and that neither Conley nor the plaintiff discovered until after the fire that permission was given for $6,250 only of other insurance.  The plaintiff claimed to be entitled to show by this evidence, that giving permission for only $6,250 other insurance was the defendants' mistake, and that it was therefore estopped from setting up the forfeiture.  The testimony, being objected to as tending to vary the terms of the written contract by parol, was ruled out, and the plaintiff took an exception.  The jury under instructions rendered a ver-

dict for the defendant. The plaintiff now asks for a new trial for error in the ruling.

The case at bar is in line with cases which hold that an insurance company cannot be allowed to avoid its contract by setting up a cause of forfeiture which its own agent has been instrumental in producing. Many cases of that kind have been cited by the plaintiff's counsel. Thus where a policy, filled up by the company's agent, contained an erroneous statement in regard to title, it was held that oral testimony was admissible to show that the agent inserted the statement after being correctly informed by the insured, and that this being so, the policy would not be avoided. *McBride et al.* v. *Republic Fire Insurance Co.* 30 Wis. 562; and to the same effect see *Parker et al.* v. *Amazon Insurance Co.* 34 Wis. 363; *Franklin* v. *Atlantic Fire Insurance Co.* 42 Mo. 456; *Combs* v. *Hannibal Savings & Insurance Co.* 43 Mo. 148; *Peck et al.* v. *New London County Mutual Insurance Co.* 22 Conn. 575; *Hough* v. *City Fire Insurance Co.* 29 Conn. 10; *Rowley* v. *Empire Insurance Co.* 36 N. Y. 550. In *Devine* v. *Home Insurance Co.* 32 Wis. 471, where unoccupied property was insured as occupied, the company's agent knowing the fact, judgment was given for the insured. The court said : " If the mistake was that of the agent of the company issuing the policy, or the fault, if any, his, and not that of the insured, the policy will nevertheless be valid, and the company bound to answer for the loss." 32 Wis. 476. In *Plumb* v. *The Cattaraugus County Mutual Insur. Co.* 18 N. Y. 392, the company's agent made the survey and measurements and filled the application, informing the insured that it was correct, who thereupon signed it without further examination; *held*, that the company was estopped from showing a breach of warranty by proof of errors in the survey and application. In *Bevin* v. *Connecticut Mutual Life Insurance Co.* 23 Conn. 244, it was held that a life insurance company which continued to receive premiums after knowing of an alleged breach of warranty must be deemed to have waived the forfeiture under it. See also *Insurance Co.* v. *Wilkinson*, 13 Wall. 222, 233.

In *Von Bories, &c.* v. *United Life, Fire & Marine Insurance Co.* 8 Bush, 133, the policy provided that if further insurance was procured without the consent of the company written on the

policy, the policy should be of no binding effect. The defendant company and another company had the same general agent. The plaintiff procured insurance first in the defendant company, and the next day in the other company of the same agent. Formal notice of the second insurance was not given to the defendant company, nor was its consent thereto written on its policy. It was held that the knowledge of the agent was notice to the company, and that the company, having taken no steps to cancel the policy after such notice, must be held to have waived its right to exoneration.

In *Horwitz* v. *The Equitable Mutual Insurance Co.* 40 Mo. 557, the provision in regard to other insurance was substantially the same as in the case at bar. The insured wanted $10,000 insurance. The company's agent stated that his company would take only $5,000, and engaged to get the other $5,000 in another company. The company had notice of this, and did not object. The other insurance was procured next day, and the company notified. The premium was subsequently paid, and the policy delivered, but without any consent to other insurance indorsed on or inserted in it. The policy was not examined by the insured until after the fire. The court held that the company was estopped from taking advantage of this cause of forfeiture. The case closely resembles the case at bar. See also May on Insurance, § 370, and cases cited.

This court also has refused to permit an insurance company to profit by a cause of forfeiture or avoidance which its own agent was instrumental in producing. *Wilson* v. *The Conway Fire Insurance Co.* 4 R. I. 141.

The ground of these decisions is, that it would be a kind of fraud for the insurers to insist upon a forfeiture for which they or their agents were more blamable than the insured. It is a new application of the familiar maxim, that a party shall not take advantage of its own wrong. The maxim is peculiarly likely to come in play in insurance; because in insurance the application and the policy are both so often filled up by the insurers or their agents from blanks provided by them, and because the contract is so often qualified by divers conditions and clauses of forfeiture. In the case at bar the defendant claimed a forfeiture because $8,000 other insurance was taken when the

policy gave express permission for only $6,250. The plaintiff offered to prove that the defendant company had expressly assented to $8,000, knowing that the insured either had gotten or was going to get that amount, thus, in the language of one of the cases, "lulling him into security;" and then wrote its consent for only $6,250, without notifying the insured, who did not observe the change until after the fire. The testimony, if the law is correctly declared in the cases above cited, should have been admitted to defeat the defence by an estoppel.

The defendant has cited cases to show that the testimony offered was inadmissible. Some of the cases go simply to the point that parol testimony is not admissible to vary or contradict a written contract, the insurers having done nothing to subject them to an estoppel. But other cases are cited by the defendant in which the estoppel was not applied, though the insurers were to blame. *Barrett et al.* v. *Union Mutual Fire Insurance Co.* 7 Cush. 175; *Pendar* v. *American Mutual Insurance Co.* 12 Cush. 469; *Jennings* v. *Chenango Co. Mutual Insurance Co.* 2 Denio, 75. These cases are at variance with the cases cited by the plaintiff. We think, however, the doctrine of the cases cited by the plaintiff is becoming the more prevalent; we think, too, it is founded in justice and reason. The insured doubtless might protect themselves by greater circumspection; but insurance companies conduct their business in a manner which is calculated to invite confidence and to put the insured off their guard, and the companies therefore ought to be held to the utmost good faith, and ought not to be permitted to avoid their contracts by taking advantage of errors and omissions which have resulted from their own fault or mistake.

*New trial granted.*

*Charles Hart*, for plaintiff.
*Browne & Van Slyck*, for defendants.