Faust vs. The American Fire Ins. Co. of Philadelphia, Pa.

issue. 28 Am. & Eng. Ency. of Law, 384, and cases in notes. In *Carroll v. Bohan*, 43 Wis. 218, 221, it is said that " special verdicts are worse than useless if courts do not submit for them single, direct, and plain questions, and insist upon positive, direct, and intelligible answers. Indirect, evasive, uncertain, or unmeaning answers should not be received; and when none other can be drawn from a jury the verdict should not stand for a moment."

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

FAUST, Appellant, vs. THE AMERICAN FIRE INSURANCE COMPANY OF PHILADELPHIA, PENNSYLVANIA, Respondent.

*September 27 — October 22, 1895.*

*Insurance against fire: Conflict between written and printed portions of policy: Keeping dangerous article necessary in business: Proofs of loss: Waiver.*

1. Where a contract of insurance, by the written portion, covers property to be used in conducting a particular business, the keeping of an article necessarily used in such business will not avoid the policy, even though expressly prohibited in the printed conditions of the contract.

2. Thus, a policy which by its written portion covered a building "occupied as a furniture store and repair shop " was not avoided by the keeping of benzine for necessary use in the repair shop, although there was a printed provision that the policy should be void "if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed in the above-described premises benzine," etc.

3. A further written clause in such policy by which it covered "the stock of furniture, upholstery goods, and other merchandise, not more hazardous, usual to a retail furniture store " applied to merchandise kept in the trade in the store, and the words "not more hazardous " had no reference to the necessary articles kept for use in the repair shop.

4. After a loss the adjuster of the insurance company visited the premises and received from the assured a list of the property destroyed, but upon learning that benzine had been kept told the assured that the policy was thereby rendered void, that he could do nothing for him, and that the assured would have to present his claim to the company. · The list was retained, but the company thereafter refused to communicate with the assured in respect to the loss. *Held*, that this constituted a denial of liability on the ground of a violation of the clause prohibiting the use of benzine, and was a waiver of the provisions of the policy requiring proofs of loss.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This action was brought to recover loss sustained by the plaintiff under a standard insurance policy of the state of Wisconsin, issued by defendant.

The written portion of the policy reads as follows: "Joseph Faust: Four hundred dollars ($400) on his two-story frame, shingle-roof building and one-story frame addition thereto, occupied as a furniture store *and repair shop*, situated on the corner of East and River streets, village of Christiana, Dane county, Wisconsin. Four hundred dollars ($400) on the stock of furniture, upholstery goods, and other merchandise, not more hazardous, usual to a retail furniture store, while contained therein."

The printed portion of the policy contained, among other things: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . . if (*any usage or custom of trade or manufacture to the contrary notwithstanding*) there be kept, used, or allowed on the above-described premises *benzine* . . ." The policy also contained in the printed portion a provision requiring immediate notice in writing to the company in case of loss, and sworn proofs of loss within sixty days after date of fire; also the following: "The company shall not be held to have waived any provision or condition of this policy, or any

forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for." "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, and conditions as may be indorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or added hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The answer alleged a breach of the condition prohibiting the keeping or use of benzine on the premises; also the failure on plaintiff's part to furnish proofs of loss as required by the policy. The evidence shows that the assured, at the time the policy was issued, and at the time of the fire, had a small amount of benzine on the premises, kept solely for use in the repair shop, and that it was necessary for such use. The evidence also shows that notice of the loss was given to the company the next morning after the fire; that soon thereafter the company's adjuster visited the scene and was furnished by appellant with a list of the goods burned; that he then discovered that benzine had been kept on the premises, and thereupon notified the plaintiff that such fact rendered the policy void; that he took away with him the list of the property destroyed, furnished by plaintiff, and the same has ever since been retained by him or some one for the company. From that time on the defendant has refused to communicate with plaintiff with respect to the loss.

The trial court granted defendant's motion for nonsuit upon the ground that the contract of insurance was rendered void by a violation of the provision prohibiting the keeping or use of benzine on the premises, and judgment was rendered accordingly, from which the plaintiff appeals.

For the appellant there were briefs by *Burr W. Jones*, and oral argument by *E. R. Stevens*. They argued, among other things, that this policy on a furniture store and a repair shop, and on the stock of furniture, goods, and other merchandise usual to a retail furniture store, insured all articles ordinarily and necessarily used in that business, including even those articles prohibited in other parts of the policy. Any other construction of the policy would make it necessary to enumerate in the written part of the policy all the articles insured, or prevent the insured from carrying on his lawful business. *Hall v. Ins. Co. of N. A.* 58 N. Y. 292; *Harper v. New York C. Ins. Co.* 22 id. 441; *Mears v. Humboldt Ins. Co.* 92 Pa. St. 15, 37 Am. Rep. 647; *Archer v. Merchants' & M. Ins. Co.* 43 Mo. 434; *Viele v. Germania Ins. Co.* 26 Iowa, 9; *Collins v. Farmville Ins. & B. Co.* 79 N. C. 279, 28 Am. Rep. 322; *Morse v. Buffalo F. & M. Ins. Co.* 30 Wis. 534; *Lounsbury v. Protection Ins. Co.* 8 Conn. 459; *Raffarty v. New Brunswick F. Ins. Co.* 18 N. J. Law, 480; *Leggett v. Ætna Ins. Co.* 10 Rich. Law, 202; *Niagara F. Ins. Co. v. De Graff,* 12 Mich. 124; *Citizens' Ins. Co. v. McLaughlin,* 53 Pa. St. 485; *Moore v. Protection Ins Co.* 29 Me. 97; *Steinbach v. La Fayette F. Ins. Co.* 54 N. Y. 90; *Phœnix Ins. Co. v. Taylor,* 5 Minn. 492; *Bryant v. Poughkeepsie Mut. Ins. Co.* 17 N. Y. 200; *Comm. v. Hide & L. Ins. Co.* 112 Mass. 136; *Pindar v. Kings Co. F. Ins. Co.* 36 N. Y. 648. If there is any inconsistency or conflict between the printed and the written clauses, the latter must prevail. *Harper v. New York C. Ins. Co.* 22 N. Y. 441; *Benedict v. Ocean Ins. Co.* 31 id. 389. By keeping the lists or proofs of loss which the plaintiff furnished, and by the defense of forfeiture which

Faust vs. The American Fire Ins. Co. of Philadelphia, Pa.

is now urged, the defendant is estopped from urging that there was not substantial proof of loss. *Zielke v. London Ass. Corp.* 64 Wis. 442; *Palmer v. St. Paul F. & M. Ins. Co.* 44 id. 201; *Renier v. Dwelling House Ins. Co.* 74 id. 89; *Badger v. Phœnix Ins. Co.* 49 id. 396; *Killips v. Putnam F. Ins. Co.* 28 id. 472; *Vankirk v. Citizens' Ins. Co.* 79 id. 627; *Vangindertaelen v. Phœnix Ins. Co.* 82 id. 112.

For the respondent there was a brief by *Bashford, O'Connor & Aylward,* and oral argument by *R. M. Bashford.*

MARSHALL, J.    The main question presented on this appeal is whether the presence of a small amount of benzine on the premises for use in the repair shop rendered the contract of insurance void.    Keeping in mind the undisputed evidence that the prohibited article was not kept as an article of merchandise for sale, but as an article usually and necessarily kept in operating the business of the repair department of the furniture store, which the policy expressly covered, we find abundant authority to support the general rule, which we adopt, that where a contract of insurance, by the written portion, covers property to be used in conducting a particular business, the keeping of an article necessarily used in such business will not avoid the policy, even though expressly prohibited in the printed conditions of the contract.    To that effect are *Mears v. Humboldt Ins. Co.* 92 Pa. St. 15; *Viele v. Germania Ins. Co.* 26 Iowa, 9; *Collins v. Farmville Ins. & B. Co.* 79 N. C. 279,— cited by appellant's counsel, to which many may be added: *Carrigan v. Lycoming F. Ins. Co.* 53 Vt. 418; *Stout v. Comm. U. Ass. Co.* 11 Biss. 313; *Franklin F. Ins. Co. v. Updegraff,* 43 Pa. St. 350, 353; *Plinsky v. Germania F. & M. Ins. Co.* 32 Fed. Rep. 47; *Bryant v. Poughkeepsie Mut. Ins. Co.* 17 N. Y. 200; *Phœnix Ins. Co. v. Taylor,* 5 Minn. 492; *Whitmarsh v. Conway F. Ins. Co.* 16 Gray, 359; *Franklin F. Ins. Co. v. Chicago I. Co.* 36 Md. 102; *Carlin v. Western Ass. Co.* 57

Md. 515; *Harper v. Albany Mut. Ins. Co.* 17 N. Y. 197;
*Hall v. Ins. Co. of N. A.* 58 N. Y. 292; and many others.

In the early case of *Harper v. Albany Mut. Ins. Co.* 17
N. Y. 197, it was held that the underwriters must be pre-
sumed to have been acquainted with the business and with the
materials necessarily used in prosecuting it, and to have in-
cluded such materials in the risk, the same as if each article
had been particularly mentioned in the written portion of
the policy; that the written portion in that regard will con-
trol the printed portion prohibiting the keeping of such
articles. This case has been frequently cited and approved,
and may be said to be strictly in line with the great weight
of authority on the subject. In *Hall v. Ins. Co. of N. A.*
58 N. Y. 292, the court referred to *Harper v. Albany Mut.
Ins. Co.* 17 N. Y. 197, and several others of like character,
stating, in effect, that they were all cases where the use of
the prohibited article was necessary in the business; while
in the case then under consideration it was only said to be
usually used. It was sought by the insurance company to
avoid the policy, notwithstanding, by distinguishing between
necessary and customary use, but the court held that, under
a policy covering a business, permission to use all articles
ordinarily, as well as articles necessarily, used must be held
to be given and covered by the contract of insurance. In
*Carlin v. Western Ass. Co.* 57 Md. 515, the policy covered a
factory and machinery, and prohibited the keeping or use
of petroleum. The court held, in effect, that if the engine
room and machinery were included in the description of the
insured premises, the keeping of petroleum, although among
the prohibited articles, would not avoid the policy if the
evidence showed that it was an appropriate and customary
article used in the assured's trade for lubricating machinery,
and that he kept it solely for that purpose; that the insur-
ance company, when it issued the policy, knew that the
factory could not be run without machinery, and it must be

supposed to have contracted with reference to such use as an ordinary incident of the business; that if petroleum oil was usual and necessary, then such use must have been contemplated, though prohibited in the printed portion of the policy. The court concluded that the rule in respect to the question under consideration as stated is well settled.

· It must be recognized that there is some conflict in the authorities on this subject, but the great weight of authority fully sustains the rule as above stated.

In the light of the foregoing, obviously the contract of insurance which covered the building to be used as a repair shop in connection with the furniture store permitted all things necessary to the enjoyment of the property for such use. The clause in the written portion of the policy, " Four hundred dollars on the stock of furniture, upholstery goods, and other merchandise, not more hazardous, usual to a retail furniture store," must be construed to cover merchandise kept in the trade in the furniture store, and the words " not more hazardous " to refer to such merchandise only and have no reference to the necessary articles kept for use in the repair shop. The words " any usage or custom of trade or manufacture to the contrary notwithstanding," contained in the printed portion of the policy, so far as they would otherwise prohibit the necessary use of benzine in the repair shop, must be held to be controlled by the written portion of the policy, which expressly insures the building in part as a repair shop; this upon the presumption, that must exist, that the parties intended that the repair shop as it was, and as it must necessarily continue to be if it continued at all, must be carried on with all usual and necessary incidents, and that as such it was protected by the contract of insurance; also by force of the well-established rule, that the written special description of the particular subject matter, wherever inconsistent with the printed clauses of the policy, must control. Citizens' Ins. Co. v. McLaughlin, 53 Pa. St. 485; Cushman

*v. N. W. Ins. Co.* 34 Me. 487; *Archer v. Merchants' & M. Ins. Co.* 43 Mo. 434. The construction we thus give the policy renders the contract just and reasonable, and carries out the obvious intention of the parties to it. Any other construction would lead to the absurd result that the prohibitory clause of the policy would absolutely prevent the carrying on of the business expressly permitted in the written portion. No such absurdity can be held to have been contemplated by the parties, unless the terms of the contract are such as not to permit of any other reasonable construction. As said in *Carlin v. Western Ass. Co.* 57 Md. 515: "Where the contrary is not expressly made to appear, it is not to be presumed that, when an insurance is effected with reference to an established and current business, whose protection is really the object of the insurance, such a narrow and stringent construction of the provisions of the policy was intended as will necessarily cause its serious embarrassment or suspension."

The only other question which requires consideration is whether there has been a failure to comply with the condition requiring proofs of loss, so as to defeat a recovery on the policy. The circumstances of the defendant's adjuster's visit to plaintiff soon after the fire; his receiving and taking away a list of the property destroyed, furnished by plaintiff, and the retention of the same by the company or its agent; and the denial of liability for the loss on account of the presence of benzine on the premises,— are sufficient to constitute a waiver of the provisions of the policy requiring proofs of loss. *Vankirk v. Citizens' Ins. Co.* 79 Wis. 627; *Zielke v. London Ass. Corp.* 64 Wis. 442; *McBride v. Republic F. Ins. Co.* 30 Wis. 562; *Parker v. Amazon Ins. Co.* 34 Wis. 363; *King v. Hekla F. Ins. Co.* 58 Wis. 508; *Harriman v. Queen Ins. Co.* 49 Wis. 71; *Phenix Ins. Co. v. Bachelder,* 32 Neb. 490; *Carson v. German Ins. Co.* 62 Iowa, 433; *Boyd v. Cedar Rapids Ins. Co.* 70 Iowa, 325; *O'Brien v.*

*Ohio Ins. Co.* 52 Mich. 131. In *McBride v. Republic F. Ins. Co.* 30 Wis. 562, the court held that when the agent of the insurance company, after examining upon the spot the circumstances attending the loss, told plaintiff he could not recommend the company to pay the loss for certain reasons, it was a denial of all liability on the part of the company, and a waiver of its right to demand the usual proofs of loss. That substantially fits this case. The adjuster visited the premises, and when he discovered the presence of benzine, according to his testimony, he did very little further, and told the assured the policy was to all intents and purposes void; that he could do nothing for him; and that he, the assured, would have to present his claim to the company as provided by the policy. That, coupled with the refusal of the company to hold any communication thereafter with the assured, constituted a denial of liability by the company on the ground of a violation of the clause prohibiting the use of benzine on the premises, and effectually waived proofs of loss.

It follows from the foregoing that the judgment of the circuit court must be reversed and a new trial granted.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.