SAMUEL PINDAR, Assignee, &c., Respondent, *v.* THE KINGS COUNTY FIRE INSURANCE COMPANY, Appellants.

### *Insurance— Condition— Construction.*

When a policy of insurance is upon a building and a stock of goods, etc., such as is usually kept in country stores, it covers all articles of merchandise coming within such description, even though it include articles generally prohibited except at special rates.

In November, 1860, Alfred Pindar procured from the Defendant a policy of insurance against loss by fire upon a building in Rhinebeck for one thousand dollars for one year; also for fifteen hundred dollars on his stock, such as is usually kept in country stores, for one year. The policy contained a clause providing that if the premises, at any time during the period for which the policy would otherwise continue in force, should be used for storing or keeping therein any article, goods or merchandise denominated hazardous or extra-hazardous, or specially hazardous in the second class of hazards annexed to the policy, except as therein specially provided for, the policy should be void while the premises were so used. Among the articles so specified as extra-hazardous was spirits of turpentine, and among those specially hazardous, gunpowder. The premises and stock of goods were consumed by fire during the life of the policy. At the time of the fire, about twenty gallons of spirits of turpentine and fifteen pounds of powder were kept upon the premises. After the fire, Alfred Pindar assigned the claim upon the policy to the Plaintiff. Upon the trial, the Plaintiff proved that spirits of turpentine and gunpowder were articles usually kept in country stores. The counsel for the Defendant duly excepted to this proof. Upon the trial, it became a question as to the quantity of blankets in a small room upon the premises at the time of the fire. The Defendant's counsel inquired of a witness what number of blankets pressed could be got into the room. The Plaintiff's counsel objected to the question, and it was overruled by the Court and the Defendant's counsel excepted. The counsel for the Defend-

ant moved for a nonsuit upon the ground that the policy was not in force at the time of the fire, for the reason that prohibited articles were, at the time, kept upon the premises. The motion was denied by the Court, and the Defendant's counsel excepted. The jury rendered a verdict for the Plaintiff, upon which judgment was entered, which was affirmed, upon appeal, by the General Term, and the Defendant appealed therefrom to this Court.

*H. A. Nelson* for the Respondent.

*Thompson & Weeks* for the Appellants.

GROVER, J. The description of the goods insured by the policy was such goods as are usually kept in country stores. To determine what particular goods were covered by the policy, it was necessary to ascertain what goods were usually kept in country stores. This rendered proof of what was so kept necessary and competent. The objection to this evidence was therefore properly overruled. The evidence showed that spirits of turpentine and gunpowder were usually kept in country stores. These articles were thus brought within the description of the policy and covered by it. It was wholly immaterial whether, when stocks of country stores were insured, it was usual to make some special agreement in relation to these articles. The inquiry was, simply, whether they were usually kept in country stores, not how they were insured when so kept, if at all. Aided by the proof given, the policy in question must be construed as insuring spirits of turpentine and gunpowder, together with the other goods, as much as though these articles had been specifically mentioned as insured in the policy. In Harper v. The Albany Mutual Insurance Company (17 N. Y. 194), it was held that a policy upon premises privileged for a printing-office, upon its being shown that the use of camphene was necessary in conducting the business, implied an assent by the insurer to its being kept upon the premises for such use, although the restriction to its being kept upon the premises was similar to that as to spirits of turpentine and gunpowder in the present case, and that so keeping and using it did not avoid the policy. In Harper v. The New York

Insurance Company (22 N. Y. 441), a similar rule was not only held, but a majority of the Court went further, and held that, although the policy contained a printed clause exempting the insurer from damage from loss sustained from camphene kept upon the premises for use, yet that this exemption did not apply to a loss from fire caused by igniting camphene, so kept, accidentally by a lighted match. It is not necessary to go to any such extent in the present case. We have seen that, in the present case, the policy, properly construed, covered gunpowder and spirits of turpentine, and when these articles are insured, a printed clause, prohibiting their being kept, is plainly repugnant to the written clause insuring them, and, by the authority of the cases above cited, the printed clause must be governed by the written. The policy was, therefore, not void at the time of the fire, by reason of keeping the spirits of turpentine and gunpowder. It cannot be held that the effect of the printed clause in the present case is to except spirits of turpentine and gunpowder from the general description of the property insured without overruling Harper *v.* The Albany Insurance Company, and Same *v.* The New York Insurance Company (supra). The insurer is presumed to have known what articles were usually kept in country stores, and consequently that the policy covered the powder and turpentine. The Court properly held that the opinion of the witness as to the quantity of blankets that could be put in the room in question was inadmissible. It did not appear that he had ever packed blankets, or knew any more about the space required for any given quantity than any of the jurors. Though impressed with the idea that the quantity claimed and recovered for by the Plaintiff could not have been put in the space in question, no relief can be given on that ground by this Court. It was a mere question of fact, which cannot be reviewed here. The judgment must be affirmed.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.