WM. H. H. SMITH, Defendant in Error, v. JAMES A. MEYERS et al., Plaintiffs in Error.

1. *Forcible entry and detainer — Collusion between defendant and tenant of plaintiff — Testimony touching plaintiff's presence.* —When the petition in an action of forcible entry and detainer charged that defendant obtained possession through collusion with a tenant of plaintiff, proof negativing the averment of collusion is competent, and its competency is in no way affected by the fact of plaintiff's presence or absence when defendant got possession.
2. *Forcible entry and detainer — Question of title not proper in action of.*— The question of title is in no way involved in an action of forcible entry and detainer.

### Error to Fifth District Court.

It seems to have been contended on behalf of defendants in this case, among other things, that Reed entered the premises as tenant of the Hannibal & St. Joseph railroad, and afterward attorned to defendant, which attornment was void under section 15, Gen. Stat. 1865, p. 740. For further facts, see opinion of the court.

*Hall & Oliver*, and *Turner & Mansur*, for plaintiffs in error.

*Collier*, for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

This proceeding was originally commenced before a justice of the peace, under the third section of the forcible entry and detainer act. The case having been appealed to the Circuit Court, the complaint, on payment of costs, and by agreement of the parties, was amended so as to bring it within the pro-

visions of the act in relation to landlords and tenants. (Gen. Stat. 1865, ch. 187.) The amendment is objected to; but, having been made by consent, and the case having been tried upon the complaint as amended, it is now too late to raise the objection here. The complaint, as amended, alleges the plaintiff's right of possession of the premises sued for; that the plaintiff leased them to one Reed, in June, 1864, for the term of one year, ending the following June; that the defendants, in November, 1865 (Reed still remaining in possession under the plaintiff), obtained possession of the premises through collusion with Reed; and that they wrongfully held possession against the right of the plaintiff, although duly notified, in writing, to surrender possession, etc.

The plaintiff, at the trial, having given evidence tending to prove the averments of his complaint, the defendants, among other things, offered to show under what circumstances they took possession, and to give evidence tending to negative the averment of collusion with Reed. This evidence was objected to and excluded on the ground that the plaintiff was not present nor a party to the transaction proposed to be given in evidence.

The form of the question propounded to the witness, by which this testimony was sought to be elicited, was highly objectionable; but no objection was made on that account. The evidence was objected to and excluded solely on the ground mentioned above. This was error. The allegation of collusion was of unquestionable materiality. Any facts, therefore, that went to disprove it, it was the right of the defendants to employ in resisting the action, as it was also their right to use such facts in rebutting the case as made by the plaintiff. The competency of such proof was in no way affected by the fact of the plaintiff's presence or absence at the time and upon the occasion of the defendants' getting possession of the disputed premises. The complaint itself is framed upon the idea that this possession was acquired covinously, in the absence of the plaintiff and without his knowledge or consent, and by means of some collusion, contrivance, or arrangement with Reed. It was perfectly legitimate, therefore, for the defendants to repel these imputations by showing, if they

could, that the possession was acquired fairly, and without Reed's intervention or collusion. The testimony of one of the defendants, however, tends to show that the possession was in fact acquired through Reed, and by means of some understanding or arrangement with him. And it is quite within the range of conjecture that the answer to the question ruled out by the court, had it been permitted to be given, would have in no way served the purposes of the defense. But we do not know that. The answer was erroneously suppressed, and we are left in the dark as to the facts it might have developed. It was the right of the defendants to have an answer. As the cause must go back for a re-trial, it is proper to add that if the plaintiff recovers at all, it must be upon the case made by the complaint. It has not been suggested that the complaint itself fails to state facts warranting a recovery. If, then, these facts are satisfactorily shown in evidence, the plaintiff should recover; otherwise not. It is not perceived that Reed's relations to the Hannibal & St. Jo. Railroad Company, prior to his becoming the plaintiff's tenant, if he in fact became such tenant, have any legitimate bearing upon the issues involved. We think, therefore, that the court was right in excluding testimony on that subject, and that all instructions based on the supposed presence of such testimony were properly refused; and this is all that is deemed necessary to say in regard to the instructions, except that the character of the case does not seem to require such a multiplicity of them.

If Reed took a lease from the plaintiff, and accepted the position of tenant under him, he thereby admitted the plaintiff's title; and neither he nor those claiming under him are at liberty to dispute that title, unless Reed was induced to accept the lease through some fraud or imposition on the part of the plaintiff. The question of title is in no way involved in this suit; but this suggestion indicates one of the results of the existence in fact of the relation of landlord and tenant between the plaintiff and Reed.

For the reasons herein developed, the judgment is reversed and the cause remanded. The other judges concur.