GEORGE P. STEINBACH, Respondent, *v.* THE LA FAYETTE FIRE INSURANCE COMPANY OF BROOKLYN, Appellant.

Defendant insured plaintiff upon his stock of fancy goods, toys and other articles in his line of business, in the city of B., as a German jobber and importer, with a privilege to keep fire-crackers. The policy provided that if the premises should be used for keeping therein goods denominated specially hazardous in the second class of hazards annexed, except as therein specially provided for, then, so long as so used, the policy to be of no effect. In the class referred to were "fire-works," and it was stated that insurance thereon added fifty cents per $100 to the rate. Plaintiff kept fire-works, and by their accidental ignition a loss happened. In an action upon the policy, *held* that, if, as a matter of fact, the keeping of fire-works was in the line of plaintiff's business they were embraced in the description of the property, and were covered by the policy; that evidence, therefore, that fire-works were usually kept in B. by persons in the same line of business as plaintiff was proper, but that the opinions of witnesses, as to whether fire-works were a part of the line of business of German jobbers and importers, etc., were properly excluded, as the question was not one to be answered by the opinions of experts but by an investigation of facts, and that a verdict for plaintiff was conclusive as to the facts.

Also *held*, that a refusal of the court to charge that the jury might consider the rate of premiums paid as bearing upon the question whether fire-works were intended to be insured was not error.

*Steinbach* v. *R. F. Ins. Co.* (13 Wall., 183) disapproved.

(Argued March 7, 1873; decided June term, 1873.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was on a policy of insurance against fire from October 7, 1864 (one year), issued by defendant. It insured plaintiff "on his stock of fancy goods, toys and other articles in his line of business, contained in the three-story brick building situated on the south-east corner of Baltimore street and Tripolett's alley, and now in his occupancy as a German jobber and importer." It was also written in the policy that plaintiff was "privileged to keep fire-crackers on sale." The insurance was for $5,000; premium, twenty dollars. It was provided in the policy that if the premises should be "used for the purpose of carrying on therein any trade or occupation, or for storing or keeping therein articles, goods or merchandise denominated hazardous, or extra hazardous, or specially hazardous in the second class of hazards annexed to the policy, except as herein specially provided for, or hereinafter agreed to by this corporation in writing upon this policy, from thenceforth so long as the same shall be so used, this policy shall be of no effect;" and it was declared that the policy was "made and accepted in reference to the terms and conditions herein contained and hereto annexed, which are hereby declared to be a part of this contract." Among the second class of hazards classed as "hazardous No. 2," are enumerated "fire-crackers in packages," which add to the rate of premium ten cents per $100. "Fire-works" classed as "specially hazardous," add fifty cents or more to the rate.

Upon the trial a witness, on the part of plaintiff, was asked: "Are fire-works usually kept in Baltimore by persons in the same line of business as Mr. Steinbach?" Objected to. Objection overruled, and defendant's counsel excepted. Defendant's counsel asked his witnesses various questions, in substance, as to whether fire-works were a part of the line of business of a German jobber and importer dealing in fancy

goods, toys, etc.   These were objected to by plaintiff.   Objection sustained, and defendant excepted.   The defendant's counsel requested the court to charge:

" 1. That the fact of the insured being privileged to keep fire-crackers on sale is strong evidence that the insured was not permitted by his contract to keep them without such privilege."

His honor refused to charge in the terms of the request, but did charge as follows: "If you come to the conclusion that fire-works were in the line of Mr. Steinbach's business, then it is no evidence at all.   If you come to the other conclusion, it would be strong evidence."   The defendant excepted to the judge's refusal to charge as requested.   The defendant's counsel also requested the court to charge the jury:

" 2. That fire-works were not insured by the policy, if fire-crackers were not covered without the privilege."

" 3. The fact of the fire-crackers being privileged is strong evidence, on the part of the defendant, that fire-works were not insured."

" 4. Under the evidence fire-works are not a part of the stock in the line of business of a German jobber and importer."

" 6. It is evidence to the jury on the question whether fire-works were intended to be insured to consider the rate of premium paid in the policy."

" 7. Under the evidence in this case fire-works were not included in the line of business of the plaintiff as a German jobber and importer."

The court refused so to charge, and defendant excepted. The jury found a verdict for plaintiff of $4,596.52.   The defendant moved for a new trial on the minutes, which motion was denied.

*Philip S. Crooke* for the appellant.   The opinions of defendant's witnesses, who were experts, were improperly rejected. (3 Kent's Com., 260, and note *c*; 1 Phil. Ev., 779, and notes; *Adams* v. *Peters*, 2 C. & K., 723; 3 Comst., 322; 1 Greenl. Ev., § 440; *Hobby* v. *Dana*, 17 Barb., 111.)

*A. R. Dyett* for the respondent. The written part of the policy controlled the printed condition. (6 Wend., 623; id., 488; 1 Seld., 469; 3 Comst., 122; 25 Barb., 189; 18 id., 69; 19 N. Y., 305.) The jury should determine from the facts whether the fire-works were in the line of business. (*Peoria M. and F. Ins. Co.* v. *Hall*, 17 N. Y., 194, 200; 22 id., 441; *Niagara Ins. Co.* v. *Degraaf*, 3 Ann. L. R. [N. S.], 489.)

REYNOLDS, C. The plaintiff was insured for one year against fire, on his stock of fancy goods, toys and other articles in his line of business, in his store in the city of Baltimore, in his occupancy as a German jobber and importer, and he was privileged to keep fire-crackers on sale. It was provided in the policy that if the premises should be used for the purpose of carrying on therein any trade or occupation, or of storing or keeping therein articles, goods or merchandise denominated hazardous or extra hazardous or specially hazardous, in the second class of hazards annexed to the policy, except as therein specially provided for, or thereinafter agreed to by the defendant, in writing upon the policy, then so long as the same shall be so used the policy was to be of no effect. The policy of insurance was accepted by the plaintiff with the condition last referred to, and the privilege to keep "fire-crackers on sale" was specially written in the policy, and added ten cents more of premium to the $100. "Fire-works" are claimed as "specially hazardous," and added fifty cents or more per $100 to the rate of insurance, and, it is claimed, that to be covered by the insurance, must have been specially written in the policy which, in this case, was not done.

The rule which prevails in the interpretation of contracts of insurance is or should be the same as in all other written contracts of whatever nature. The intent is to be ascertained and observed, and, if it clearly appears by the writing, the contract must have effect according to its terms. In this case, without evidence *aliunde*, it would be difficult, if not impossible, to say what articles in fact were intended to be insured. The court cannot judicially take notice of the pre-

cise commodities which make up a stock of fancy goods, toys and other articles in that line of business, nor can it be declared, as a legal proposition, what precise things pertain to the occupancy of a building in the city of Baltimore as a " German jobber and importer." In the prosecution of his business the plaintiff did keep " fire-works," and the loss was occasioned by their accidental ignition, and it appears to have been absolutely necessary, in order to settle the dispute between the parties, to ascertain whether the keeping of " fire-works " for sale were " in the line of the plaintiff's business." If not, it is very clear they were not insured against, because they were not specially " written in the policy," and the fact that the privilege to keep " fire-crackers on sale " was specially written in the policy, affords a very strong argument in favor of the defendant that " fire-works " were not insured against, for there was no special writing in regard to them, unless included in the written words " in the line of the business " of the plaintiff. I do not understand it was claimed by the counsel for the defendant, on the trial, that the plaintiff was not at liberty to show that keeping " fire-works " for sale was in the line of the plaintiff's business. It was in fact shown, without objection, that he had always kept them as a part of his stock in trade, and had some on hand when the insurance was effected. Evidence was also given, on the part of the plaintiff, tending to show that similar dealers usually kept fire-works as a part of their stock in trade. Evidence on the part of defendant was given tending to show the contrary, but it was not very conclusive. If, therefore, as a matter of fact, the keeping of fire-works was in the line of the plaintiff's business, the cases are quite too numerous and familiar to need citation, that " fire-works " were embraced in the written description of the property covered by the policy.

The question seems to have been fairly submitted to the jury by the learned judge at the circuit, and their verdict for the plaintiff is conclusive as to the fact. We find no error of law which seems to require a new trial.

JOHNSON, C.  The judge's charge in this case was not excepted to, nor was there any motion for a nonsuit.  The questions for review are presented by exceptions to the rulings in the admission or rejection of evidence, and upon requests to charge presented by the defendant: but no question was presented as to the non-liability of the defendant for any particular part of the loss, if it was liable at all, upon the policy.  Under the condition in the policy, suspending its operation so long as the premises should be used for the purpose of carrying on therein any trade or occupation, or for storing or keeping therein, any articles, goods or merchandise, denominated hazardous or extra hazardous or specially hazardous, in the second class of the classes of hazards annexed to the policy, except as therein specially provided for or thereafter agreed to by the corporation in writing upon the policy, it is the settled law of this State, that any such article is specially provided for, if it as matter of fact, enters into and forms a part of the kind or line of business specified in the written part of the policy in the description of the risk assumed.  The insurers being bound to know the nature and kind of articles belonging to the business and occupations against the risks of which they undertake to insure, the specification of the business is a sufficient special provision for all the articles belonging to it under the condition in the policy, even though some of those articles belong to the second class of hazards mentioned in the condition.  (*Harper* v. *Albany M. Ins. Co.*, 17 N. Y., 194; *Harper* v. *N. Y. City Ins. Co.*, 22 N. Y., 441.)  The defendant's exceptions to the question by the plaintiff, whether fire-works are usually kept in Baltimore, by persons in the same line of business as the plaintiff, and his exception to the exclusion of various questions put by him, whether fireworks are a part of the line of business of German jobbers and importers dealing in toys, fancy goods, etc.; whether when they are kept by German jobbers and importers dealing in fancy goods, they are in or out of their line of business, present the principal question of evidence involved.

The plaintiff sought to show what was the fact in respect to keeping fire-works in Baltimore, by dealers in the same line of business with him, while the defendant's question involved the element of opinion on the part of the witnesses, as to the propriety of considering fire-works as forming part of the line of business of German jobbers and importers. That was of no sort of consequence, the material point being whether, in fact, the persons known in trade under the designation mentioned, did usually and generally, as matter of fact, keep fire-works. Accordingly the judge at the trial ruled that the opinion of witnesses could not be substituted for facts, and while excluding the questions under consideration, instructed the defendant's counsel that he was at liberty to ask if the persons whom the witness knew in Baltimore, carrying on the kind of business that the plaintiff did, usually kept fire-works. This the defendant's counsel declined to ask, and yet this was exactly material in the case.

The question what things were in the line of business the plaintiff was carrying on, was not one to be answered by opinions of experts, but by an investigation of facts, and the judge was, therefore, correct in excluding evidence of opinion on that point, on the part of the witnesses. (1 Phillips on Ins., ¶ 2112; 1 Greenleaf on Ev., § 440.)

Several requests to charge, were founded on the fact that there was written on the policy a privilege to keep fire-crackers on sale. One was that fire-works were not insured by the policy, if fire-crackers were not covered without the privilege. The others were in substance that a privilege for fire-crackers, was strong evidence that it was necessary to warrant the plaintiff to keep them and also that fire-works were not insured. The judge refused so to charge and rightly, because if keeping fire-works was part of the plaintiff's business described in the policy, the expression of a privilege for fire-crackers whether necessary or not was immaterial, and was equally so if as the defendant contended, keeping fire-works was not part of the plaintiff's business.

The request that the jury might consider the rate of pre-

mium paid as bearing on the question whether fire-works were intended to be insured, was properly refused. • The company was not tied down to its printed rates, and the question was not whether it had charged premium enough for fire-works, but whether having insured the plaintiff's business, fire-works were not covered as a part of it.

The other request was that the court should rule that fire-works were not included in the line of the plaintiff's business as designated in the policy. This question had already been submitted on the evidence on both sides to the jury, and could not properly have been withdrawn from them. In conclusion it is proper to advert to the decision in *Steinbach* v. *Insurance Co.* (13 Wallace, 183), in which a different construction was placed upon similar terms in another policy in favor of the plaintiff here. The New York cases do not seem to have been adverted to, nor the case itself much considered. We should not be justified under these circumstances, in abandoning a settled line of decision in our own State in order to conform to it.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.