GEORGE P. STEINBACH, APPELLANT, *v.* THE RELIEF FIRE INSURANCE COMPANY, RESPONDENT.

*Action to reform a policy of insurance — effect of an adjudication in a prior action brought upon the policy as written.*

The plaintiff prosecuted an action in the United States Court, in the State of Maryland, upon a policy of insurance issued by the defendant, insuring certain goods of the plaintiff therein named, and "other articles in his line of

business." The defendant claimed that the policy had been avoided by the keeping, in violation of an express provision of the policy, of fire-works on the premises. Plaintiff sought to show that fire-works were articles in the line of his business, that of a German jobber and importer. It was decided by that court, and affirmed by the Supreme Court of the United States, that such evidence was inadmissible, and judgment was given for the defendant.

The plaintiff brought this action to reform the contract by inserting therein fire-works as part of the property specifically insured, and to recover upon the contract as so reformed. *Held,* that the act of the plaintiff in bringing the former action upon the policy as written, and averring that it expressed the true contract between the parties, constituted an election on his part, and that he could not thereafter allege that it did not express the true intention of the parties thereto, and bring an action to reform the same.

APPEAL from a judgment dismissing the complaint at the trial, on the opening of the plaintiff's counsel.

The action was commenced November 21, 1873, to reform a policy of insurance, containing a clause forbidding fire-works to be kept on the premises insured.

The policy was issued on the 7th day of October, 1864, for $5,000, on the plaintiff's "stock of fancy goods, toys, and other articles in his line of business, contained in the three-story brick building, situate on the south-east corner of Baltimore street and Tupolet's alley, in the city of Baltimore aforesaid, and then in his occupancy as a German jobber and importer." The policy was issued by the general agent of the defendant at Baltimore, and the complaint seeks also to recover the loss upon it, upon the ground of a mistake in reducing it to writing, so that it did not express the actual agreement to insure, and, also, upon the ground that the defendants were estopped in equity in setting up a forfeiture of the policy on account of a breach of the condition therein contained against keeping fire-works on the premises, because the defendants, when they accepted the original premium, knew of the breach, if it existed, and also renewed the policy with a like knowledge.

In February, 1869, the plaintiff had brought an action on the policy in a local court in Baltimore; the defendant removed it to the United States Circuit Court, where it was tried in November, 1869, and a verdict and judgment rendered for the defendant, which was affirmed by the United States Supreme Court, on the ground, in substance, that keeping fire-works on the demised premises was a

violation of the condition of the policy above specified, and rendered it void, and that the plaintiff could not be permitted to prove, as he offered to do on the trial, that fire-works constituted an article " in the line of business of a German jobber and importer."

*A. R. Dyett,* for the appellant. That a policy of insurance may be reformed, and a recovery upon it had in the same action, is so well settled as to scarcely need any authority. (Story's Eq. Jur. [11th ed.], vol. 1, §§ 152 to 155, 158, 161.) The fact that the plaintiff brought an action upon the policy as it is and was defeated, is no reason why the policy should not be reformed. (*Gump's Appeal,* 65 Penn. St., 476.)

*John L. Hill,* for the respondent. Upon plaintiff's own showing, the judgments against him in the United States courts constitute a bar to the present action. The case of *Washburn* v. *Great Western Insurance Company* (114 Mass., 175 ; 4 Ins. Law J., 112), quite covers this one. It is only a restatement of a well-settled rule. (*Sanger* v. *Wood,* 3 Johns. Ch., 416 ; *Draper* v. *Stourenat,* 38 N. Y., 223 ; *Morris* v. *Rexford,* 18 id., 556, 557 ; *Rodemund* v. *Clark,* 46 id., 356 ; *Thewing* v. *Great Western Ins. Co.,* 111 Mass., 93 ; *Connihan* v. *Thomson,* id., 270, 272 ; Biglow on Estoppel, 503.)

DAVIS, P. J. :

The complaint was dismissed on the opening of the plaintiff's counsel, which was considered as embracing all the allegations of the complaint, the statement of the counsel, and the documents read by him in the course of his opening. The action was brought to reform a policy of assurance by making the same conform to the alleged actual agreement of the parties; and to recover thereon when so reformed for a loss sustained by fire. In an action brought upon this policy and tried in the Federal Court of Maryland, and finally decided by the Supreme Court of the United States, it was held that it could not be shown under the policy, as it now stands. " that fire-works constituted an article in the line of business of a German jobber and importer," and were, therefore, included in the words, " other articles in his line of business." But the Supreme Court did not hold, nor under the argu

ment of its decision, could it have been held, that if fire-works had been specially written in the policy amongst the articles insured, there could be no recovery because they formed part of plaintiff's stock. Neither *legally*, nor as matter of fact, can it be said, therefore, that that court has given any judgment against the plaintiff's right to recover on such a contract as he seeks to make the policy · by the desired reformation. On the contrary, it is manifest that if the contract had contained the provision which the plaintiff now asks the court of equity to write in it, in order to conform it to the actual agreement of the parties, no such question as that passed upon by the federal courts could have arisen, for the right to recover would have been indisputable.

But there is a direct conflict between the Supreme Court of the United States and the Court of Appeals of this State, upon the exact proposition involved in the decision above cited, and, singularly enough, the question arose in the Court of Appeals upon a policy of insurance taken by the plaintiff in another company upon the same stock of goods, and almost or quite identical in form with that issued by defendant. (*Steinbach* v. *The Lafayette Fire Ins. Co.*, 54 N. Y., 90.) In that case the Commission of Appeals held that if, as *matter of fact*, the keeping of fire-works was in the line of plaintiff's business as a German jobber and importer, they would be included in the words " *other articles in his line of business*," and, therefore, it was competent to prove that fire-works were usually kept in Baltimore (where plaintiff's store was situated) by persons in the same line of business as plaintiff. It is to be observed that the exact point of collision and divergence in these decisions is upon the proposition, whether the language of the policies presents a question of *law* which excludes evidence of facts or one of *fact* which admits such evidence.

The federal court holds that the question is solely one of law to be determined upon the words and provisions of the contract; the State court holds that the language presents a question of fact for a jury to determine upon evidence, as it may satisfy them that fire-works were or were not, at the time the contract was made, " articles in the line of plaintiff's business," so as to be included in the general descriptive words of the policy. Neither of these cases touches or affects the question, what would be the plaintiff's rights if the con-

tract read as plaintiff by reforming it, seeks to have it read, so as by express language to include " fire-works " among the articles of property specially insured? And we see no reason to doubt that if the policy had so read, those eminent tribunals would have been harmonious in their conclusions.

There is nothing whatever in the decision of the case by the Commission of Appeals to operate as *res adjudicata,* to prevent or affect the reformation sought for in this action. Nor has that court decided that the policy, as it now is, is the same in fact, or in legal effect, as it will be if reformed so as to embrace, in express terms, *fire-works* among the articles insured. After such a reformation the question passed upon cannot arise, for it will not then be admissible to submit to a jury the question whether fire-works are included in the words "*other articles in his line of business.*" It was only because fire-works were not so expressed that the court held it to be question of fact, whether they were not actually within those words, and therefore within the intention of the parties.

If the policy be so reformed not only could neither party enter upon that line of evidence, but it would not be of the slightest importance if it appeared beyond dispute, that fire-works were not, and never had been part either of plaintiff's line of business or that of any German importer or jobber in Baltimore or anywhere else.

The contract would not be the same in law, and no adjudication upon any other and different policy would affect the question presented by it. The plaintiff is not therefore, precluded by the decisions of our courts from seeking the reformation of this policy.

This brings us to the real question of the case, which is, whether having sued upon the contract in its present form and produced and proved the same as *the contract* between the parties, in a court of competent jurisdiction, by which a final judgment has been pronounced against his right to recover, he is debarred from showing in a new suit in a court of equity, that the contract actually made between the parties was different from the written one sued upon and proved in his former action, for the purpose of obtaining its reformation and thereby laying a foundation for a recovery upon the reformed contract. The record of the former suit and judgment set forth in the case shows that issue was presented upon the making by defendants of, and its liability upon, the policy in its present

form, and that upon that issue the defendant had a verdict and judgment. Does that judgment operate as an estoppel in all other courts, both upon the plaintiff's rights to bring another action upon the contract in its present form, and to assert that the real contract was not as he there alleged it, but something else so different, that the judgment in the former action can have no effect upon his right to recover after the desired reformation of the instrument? We are of opinion that this question is fully covered and answered by the decision of *Washburne* v. *Great Western Insurance Company* (114 Mass., 175). In that case the plaintiff sued at law upon the contract as it stood, and was beaten. He had filed his bill in equity to reform the contract, and that suit was pending when the judgment in the action at law was given, and the court held that the plaintiff " conclusively elected to consider it " (the policy as set up in the action at law) " as expressing the true contract between himself and the insurance company, and to abandon an attempt to reform it in equity."

In this case the facts now set up for the purpose of equitable reformation were as well known to the plaintiff when he commenced his suit in the federal courts as when he began this suit. There has been no fraud perpetrated upon him by defendant to affect his election of actions. He proceeded, as the court below says, with his eyes wide open, and his failure is only attributable to his assumption that courts of different States or countries will decide the same question of legal construction alike. Having made his choice he must abide by it, and he cannot be allowed to assert, in a new tribunal, that the contract was different in fact from that which he solemnly averred it to be in a court of concurrent jurisdiction in which he has been defeated.

The judgment should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.