## MARY RICHARDSON, Plaintiff, v. THE WESTCHESTER FIRE INSURANCE COMPANY, Defendant.

*Written consent to other insurance — what constitutes a waiver of the condition requiring it.*

This action was upon a policy of insurance issued by the defendant on March 14, 1875, to run for one year, containing a clause providing that, "if the insured shall have, or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of this company written hereon, * * * this policy shall be void." At the time of the issuing of the policy, two other policies had been issued upon the same property, notice of the existence of which had been given to defendant's agent in the previous fall, and of which notice in writing had been given by him to the company.

*Held,* that the act of the company in issuing the policy after notice of the existence of the others, without indorsing its written consent thereon, was a waiver of the condition requiring it.

Motion by plaintiff for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after an order made at the New York Circuit dismissing the complaint.

*Dudley Field,* for the plaintiff.

*C. Frost,* for the defendant.

Daniels, J.:

The action was upon a policy of insurance, by which the defendant insured Samuel Elliott in the sum of $2,000, on a two-story frame dwelling, situate on the south side of the landing in the village of Hastings, Westchester county. The insurance extended from the 14th of March, 1875, until the 14th of March, 1876, and the building was destroyed by fire on the 19th day of April in the former year. By the terms of the policy the loss was payable to the plaintiff as mortgagee. It appeared that the building, while it was insured as a dwelling, was, in a part of the first story, used as a store, and that articles of a specially hazardous nature constituted a portion of the stock. But it had been so insured by the defendant in the year 1870, and that policy had, from time to time, been renewed, until the one in suit was issued

in the same terms, and the applications for the renewals stated that the first story was used for a store and dwelling. The defendant was therefore informed, in writing, of the particular manner of the occupancy of the assured; and after receiving that information, and continuing the preceding policy, and in fact issuing the present one also upon it, the defendant could not properly be allowed to avoid its liability on account of this misdescription by which the subject of insurance was designated a dwelling, instead of a store and dwelling, as it literally was, for its conduct was such as to indicate that for the purposes of the insurance it was satisfied to insure the property, as it was, in fact, under that description.

But a still more serious defect than this existed in the plaintiff's case. That arose out of one of the conditions of insurance indorsed upon the policy, by which it was declared that, " if the insured shall have, or shall hereafter make, any other insurance on the property hereby insured, or any part thereof, without the consent of this company written hereon, * * * this policy shall be void."

The defendant proved that Elliott had a policy in the Orient Insurance Company on the frame building and store, $2,000; the stock of groceries and other merchandise usually kept in a country store, $1,000; and furniture, $500; the policy being dated September 5, 1873, for one year, and renewed September 5, 1874, for one year; and that he had another policy in the Allemania Insurance Company, dated March 6, 1875, on the building, $500; on the stock of threads, needles, groceries, etc., $1,500. Both these policies permitted other insurance. It was shown that Elliott gave notice to the defendant's agent of the existence of these insurances about the fall of 1874, before either the policy in suit or the one taken from the Allemania Insurance Company was issued, and that notice in writing to that effect was also previously sent by the agent to the company; but when the insurance in suit was made, both the other insurances mentioned in the notice had been effected on the property. They then existed as the defendant had been already notified in writing of them; but nothing beyond these facts transpired upon the subject of these insurances between the assured and the defendant. They

were not indorsed upon the defendant's policy, as that was re-
quired by the terms of this condition; and as nothing more was
done from which its waiver by the defendant may be inferred
than the existence and receipt of this notice and the subsequent
execution of the policy, the point is presented, whether these facts
will justify the conclusion that the company had dispensed with a
literal or further performance of the condition.

To hold that it did not do so would be simply saying, in effect,
that it should be protected in issuing a policy which, at the time,
it had every reason for believing would be of no possible advan-
tage to the person receiving it; that it might receive the prem-
ium and at the same time frame and deliver its contract in such
terms as would avoid all future liability upon it.   This would be
to sanction a palpable fraud, which courts of justice always very
properly refuse to do.   It would be a legal snare, seriously im-
pairing the utility of a large class of obligations, in most cases very
carelessly as well as heedlessly accepted, and relied upon by the
persons taking them.

It was undoubtedly the intention of the defendant to issue a
valid and binding policy of insurance when the one in suit was
delivered, and that it could only do in the form in which the busi-
ness was done, by waiving this condition, which it should be held
to have done, in view of the notice it had previously received of
the other insurances.   The object of the condition was to secure
unequivocal evidence on the subject, and that had been obtained
by the written notice, and all that then remained was a formal
statement of the fact in writing on the policy afterwards issued.
That was necessary in order to render the policy formally com-
plete, and the defendant should have done that before it allowed
the instrument to be delivered.   It omitted to do so, and that
omission should now be held a waiver of its right to insist upon
this failure as a defense to the action.   (*Van Schoick* v. *Niagara
Fire Ins. Co.*, 68 N. Y., 434.)

The fact that specially hazardous articles composed a portion
of the stock in the store did not invalidate the policy, although
not insured as such, for they seem to have been an appropriate
and ordinary portion of the stock of such a store as was main-
tained upon the premises.   The plaintiff offered proof which

would have established this fact if it had been received, and for the present purposes it must be assumed that the truth was as the plaintiff proposed to show it.   That would have removed the objection taken on this portion of the case to the plaintiff's right to recover.   (*Pindar* v. *Kings Co. Fire Ins. Co.*, 36 N. Y., 648.) The case was certainly one in which the complaint could not be legally dismissed.   At most, the defendant could properly claim nothing more than that the facts, upon which the points were presented, should have been past upon and decided by the jury. The nonsuit must be set aside and a new trial ordered, with costs to abide the event.

Ingalls, P. J., and Potter, J., concurred.

Nonsuit set aside; new trial ordered; costs to abide event.