Okey, J.
The action in the court of common pleas was on a policy of insurance issued by the Forest City Mutual Insurance Company, to Beer & Co., “ on their general stock of hardware and agricultural implements contained in the two-story brick building and frame addition, situated on the north side of Main street, Ashland, Ohio.” The words were written on the face of the policy. In the printed part, among the conditions, was the following : “ If the assured shall keep gunpowder . . . [or] petroleum, . . . without written permission in this policy, . . . this policy shall be void.” No such permission was given. The stock was consumed by fire. Answer, setting forth the above clause in the condition, and the fact that the assured had, without such permission, kept such articles for sale as part of his stock. Reply and evidence in support of it, that at the time the policy was issued, there was and continued to be a custom in the villages of Ohio, including Ashland, for persons engaged as Beer & Co. were, in the retail hardware business, to keep for sale gunpowder not exceeding in quantity 25 pounds, and petroleum not exceeding in quantity one barrel, and that the gunpowder and petroleum referred to in the answer, were kept and retailed in pursuance of such custom. Exception to the testimony. Charge, that such custom, if generally acted on by i^ersons engaged in such retail business in the villages of Ohio, and generally known, was valid, and the policy could not be avoided by keeping such *111 articles without such permission, although the fact that such articles were kept in this store was unknown to the defendant. Exception to the charge. Yerdict and judgment for $1,065.83. Judgment reversed in the district court. Petition in this court by Beer & Go. to reverse the judgment of reversal.
The district court did not err. .Usage “ must not be inconsistent with the words of the agreement.” Steel Works v. Dewey, 37 Ohio St. 212, 250; Ledyard v. Hibbard, 48 Mich. 121, 127. This usage was plainly so. Birmingham Ins. Co. v. Kroegher, 83 Pa. St. 61, is'in point, and other cases fully sustain it. Macomber v. Ins. Co., 7 Gray, 257; Wetherell v. Ins. Co., 16 Gray, 276; Whitmarsh v. Ins. Co., 2 Allen, 581; Commercial Ins. Co. v. Mehlman, 48 Ill. 313 ; McEwan v. Guthridge, 13 Moore P. C. 304. Nor is this inconsistent with Pindar v. Continental Ins. Co., 36 N. Y. 648. There the insurance was upon the stock, “such as is usually kept in country stores,” and the custom was held not to be inconsistent with similar conditions in the policy. The case is referred to in Pindar v. Ins. Co., 38 N. Y. 361; s. c., 17 N. Y. 114. To the same effect as 36 N. Y. 648, is Phoenix Ins. Co. v. Taylor, 5 Min. 192 ; Whitmarsh v. Ins. Co., 16 Gray, 359; cf. Leggett v. Ins. Co., 10 Rich. L. 202 ; Beacon L. & F. Ins. Co. v. Gibb, 1 Moore P. C. N. S. 73. Nor is Birmingham Ins. Co. v. Kroegher, supra, inconsistent with cases which hold that such conditions do not apply where the assured, in the prosecution of his business, necessarily uses the articles specified in such condition. Lawson on Usage, 258, et seg.
Where the written and printed parts of a policy are in apparent conflict, the written part in many cases will prevail, but that rule has no application in this case.

Judgment affirmed.