# FRED E. MASCOTT

v.

## GRANITE STATE FIRE INSURANCE COMPANY.

JANUARY TERM, 1896.

*Policy of fire insurance. Description of the property.
Policy not void for keeping article insured. Written
portion prevails over printed.*

1.  The written portion of a policy of fire insurance in describing
    the property insured enumerated several articles and con-
    cluded with the general clause : "and such other articles as
    are usually kept in a sign-painter's and carriage painter
    and trimmer's shop." *Held*, that the plaintiff might show
    by parol that an article destroyed fell within that class.
2.  The printed portion of the policy provided that the entire
    policy, "unless otherwise provided by agreement endorsed
    hereon," should be void if benzine was kept upon the
    premises.   The plaintiff conceded that benzine was so kept,
    and offered to show, to escape the effect of the above con-
    dition, that it was one of the articles usually kept in a car-
    riage painter's shop.   *Held*, admissible, for if so, it was in
    effect one of the articles enumerated in the written descrip-
    tion of the property, and in that case,
    *a.*  It would be tantamount to an agreement endorsed on
    the policy, and
    *b.*  The written must prevail over the printed portions of
    the policy.

Assumpsit upon a policy of fire insurance.   Plea, the
general issue.   Trial by jury at the September term, 1895,
Rutland county, Ross, C. J., presiding.   Verdict and judg-
ment for the defendant.   The plaintiff excepts.

The description of the property insured was typewritten, and attached to the policy. A portion of that description was as follows :

"$200 on his paints, oils, varnishes, leather, rubber and enameled cloth, broad-cloth, carriage tops, backs, dusters and cushions, paint mill, tools, letter patterns, and such other articles as are usually kept in a sign painter's and carriage painter's and trimmer's shop."

One printed condition of the policy was as follows :

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * if (any usage or custom of trade or manufacture to the contrary notwithstanding) there shall be kept, used or allowed on the above described premises, benzine, benzole, etc."

The plaintiff was a carriage painter. He testified that he had in his paint-shop a kettle containing benzine and asphaltum ; and that in backing a wagon into the shop this kettle was in some way overturned, and a portion of the contents thrown upon a heated stove, by which the fire and loss occurred.

To avoid the effect of the printed condition as to the keeping of benzine he offered to show that benzine was an article usually kept in the shop of a sign painter, was necessary to the transaction of the business named in the policy, and was one of the articles insured under the general terms of the policy. The court excluded the testimony and the plaintiff excepted.

At the close of the evidence the court directed a verdict for the defendant.

*W. H. Preston, F. S. Platt* and *T. W. Moloney* for the plaintiff.

The plaintiff had the right to show that benzine was an article usually kept in a carriage painter's shop. If so, the policy must be construed as if the word benzine had been used in describing the property insured and in that event the

keeping of benzine did not vitiate the policy. *Niagara Ins. Co.* v. *DeGraff*, 12 Mich. 124; *Whitmarsh* v. *Ins. Co.*, 16 Gray 359; *Haley* v. *Ins. Co.*, 12 Gray 545; *Wheeler* v. *Trader's Ins. Co.*, 62 N. H. 326; *Steinback* v. *Ins. Co.*, 54 N. Y. 90; *Harper* v. *The Albany Ins. Co.*, 17 N. Y. 194; *Harper et al.* v. *New York City Ins. Co.*, 22 N. Y. 441; *Pindar* v. *King's Ins. Co.*, 36 N. Y. 548; *Hall et al.* v. *Ins. Co.*, 58 N. Y. 292.

If there be an inconsistency between the printed and written portions of the policy, the written part prevails. *Carrigan* v. *Lycoming Ins. Co.*, *supra*; *Huff* v. *Aetna Ins. Co.*, 32 N. Y. 405.

*Joel C. Baker*, *Henry L. Clark* and *F. W. McGettrick* for the defendant.

The language of the policy is definite that it shall be void if benzine is kept. This condition is binding upon the insured. *Mosley* v. *Ins. Co.*, 55 Vt. 142; *Lockwood* v. *Ins. Co.*, 47 Conn. 553; *Allen* v. *Ins. Co.*, 123 N. Y. 6; *Moore* v. *Ins. Co.*, 62 N. H. 240; *Wheeler* v. *Ins. Co.*, 62 N. H. 329.

Certainly the condition in this case ought to be binding when the fire was kindled entirely by its violation. *Moore* v. *Ins. Co.*, 72 Iowa 416; *Wheeler* v. *Ins. Co.*, 62 N. H. 450; *Weisenberger* v. *Ins. Co.*, 56 Vt. 444.

TYLER, J. The defendant made the insurance contract with the plaintiff and issued the policy to him in consideration of the stipulations named therein and of the sum of thirty-six dollars paid by the plaintiff to the defendant as premium, and insured for one year certain property of the plaintiff, as follows:

"TWELVE HUNDRED DOLLARS.

"$600 on his stock of undertakers' goods, including caskets, coffins, robes, trimmings and funeral furniture;"

"$400 on his stock of carriages and sleighs, and parts thereof, and silver mounted hearse;"

"$200 on his paints, oils, varnishes, leather, rubber and enameled cloth, broadcloth, carriage tops, backs, dashers and cushions, paint mill, tools, letter patterns, and such other articles as are usually kept in a sign painter's and carriage painter and trimmer's shop."

The list is in type-writing upon a separate piece of paper which is attached to the face of the policy. Following the description is the clause: "To be attached to and form a part of the policy, * * *" and the paper is signed by the defendant's agents.

The words, "and such other articles as are usually kept" etc., are not without meaning. They are employed by the defendant in place of a full list of property insured in that clause, and the articles usually kept must be read into the clause. If benzine was such an article the clause should be read with that article added.

In *Whitmarsh et al.* v. *Conway Fire Ins. Co.*, 16 Gray 359, the property insured for the plaintiffs was "their stock in trade, consisting of the usual variety of a country store (except dry goods) and their store fixtures." It was held that the insurance covered the usual variety of a country store, and what such usual variety was could be ascertained by parol evidence. In *Haley* v. *Dorchester Mutual Fire Ins. Co.*, 12 Gray 545, a policy on "stock in trade, being mostly chamber furniture in sets, and other articles usually kept by furniture dealers," was held to cover paints and varnish used to finish the furniture, if usually kept by furniture dealers, and that whether they were so kept might be ascertained by the jury. *Steinbeck* v. *LaFayette Ins. Co.*, 54 N. Y. 90, and *Carrigan* v. *Ins. Co.*, 53 Vt. 418, are directly in point. In *Archer* v. *Ins. Co.*, 45 Mo. 434, the insurance was on a wagon-maker's shop and materials, with a printed prohibition of benzine. The insured kept benzine in a paint shop in the same building. The same doctrine

was held as in the Minnesota case hereafter noted, following the New York cases. The rule requires no further exposition that in a case like the present resort may be had to parol evidence to amplify the clause and show what articles are usually kept, within its meaning.

The plaintiff testified that he habitually used benzine in his shop for various purposes, and offered to show that its use was necessary in his business, and that it "was usually kept in a sign painter's and carriage painter and trimmer's shop." If he had been permitted to show this fact benzine would have been covered by the policy the same as if it had been one of the articles enumerated.

The stipulations are printed in the body of the policy, and among them is the following: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if," (enumerating the conditions). One of the conditions is as follows: "Nor if (any usage or custom of trade or manufacture to the contrary notwithstanding) there shall be kept, used or allowed on the above described premises, benzine, benzole, dynamite," etc.

If the plaintiff had shown what he proposed, the case presented would be that benzine was insured with the other articles described in the written part of the policy, while the keeping of benzine on the premises was prohibited in the printed stipulations, and there would be an apparent inconsistency between the two parts of the policy, but it would be only *seeming*. The true construction to be given the policy is that the prohibition of keeping benzine and other articles on the premises applies only when those articles are not insured. If the insurance did not include them the keeping of them might reasonably be prohibited. By insuring benzine it was "otherwise provided by agreement indorsed upon the policy" that benzine might be kept on the premises, and thus the condition of the stipulation was complied with. In *Niagara Fire Ins. Co.* v. *DeGraff*, 12 Mich. 124, the

policy provided that the same should be void if the premises
were used for storing or keeping therein any articles in cer-
tain classes of hazards described, "except as herein specially
provided, or hereafter agreed to by the insurers in writing
upon the policy." It was held that where a stock was in-
sured under the general designation of "groceries," which
included some of these hazardous articles, the insurance by
this designation did specially provide for them in writing
upon the policy. *Whitmarsh et al.* v. *Conway Fire Ins.
Co.* is to the same effect. See note to *Lancaster Fire Ins.
Co.* v. *Lenheim*, 89 Penn. St. 497, in 33 Am. Rep. 778,
where many cases are reviewed and this rule is fully sus-
tained.

But where a repugnancy exists between the written and the
printed parts of a policy, the written part must prevail.
It was said by the court in *Phoenix Ins. Co.* v. *Taylor*, 5
Minn. 492, that the written part of the policy, inserted by
the parties, is more immediately expressive of their mean-
ing and intention concerning the contract they are entering
into than the printed portion. Benj. Prin. of Cont. 107.
Other cases cited on plaintiff's brief sustain this point.

The general propositions contended for by the defendant's
counsel, that "a policy of insurance, with its clauses, condi-
tions and stipulations, is the law of the legal relation be-
tween the parties," * * * and "the contract of insurance
is at an end the moment the warranty is broken, and cann t
be revived without the consent of both parties unless the in-
surer has by some act or line of conduct waived the breach,"
are not in conflict with the rules here laid down. There
was error in excluding the evidence offered.

*Judgment reversed and cause remanded.*