THE PHENIX INSURANCE COMPANY *v*. WALTERS.

[No. 2,989. Filed February 13, 1900.]

INSURANCE.—*Construction of Policy.—Keeping Dynamite on Premises.* —An insurance policy provided that it should be void, unless otherwise provided by agreement indorsed thereon or added thereto, "if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises * * dynamite." A slip attached to the policy provided that the insurance should cover certain described articles, "and such other merchandise as is usually kept for sale in a retail hardware store." *Held*, that the policy was not avoided because dynamite was kept on the premises, where it was shown that dynamite was usually kept for sale in retail hardware stores in the vicinity.

From the Gibson Circuit Court. *Affirmed.*

*A. Gilchrist, C. A. DeBruler* and *L. C. Embree*, for appellant.

*M. W. Fields*, for appellee.

BLACK, J.—The appellee sued the appellant, and recovered judgment upon a policy of fire insurance dated August 13, 1897. The court rendered a special finding, and the appellant excepted to the conclusions of law in favor of the appellee stated by the court. For the sake of brevity, we recite such findings as seem to relate to and illustrate the question discussed by counsel. The policy was not set out in the finding, but was referred to as filed with the complaint, thereby making it part of the finding. It consisted mostly of printed matter. Near its beginning, it provided that the appellant, "in consideration of the stipulations herein named, and $20 premium," insured the appellee, for the term of one year, "against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding $2,000, to the following described property, while located and contained as described herein, and not elsewhere, to wit." There was a blank space across the entire face of the policy, as originally printed, with fifteen vacant lines. Over this space, at the time of the execution of the policy, there was pasted a slip, containing the following: "Phenix Hardware Store Form. $1,750 on stock of shelf and heavy hardware, iron, steel, cutlery, stoves, nails, sporting goods, tinware, and such other merchandise as is usually kept for sale in a retail hardware store; all while contained in," etc., (describing the premises) "in the town of Fort Branch, State of Indiana." Here followed other items relating to other property insured, which need not be further noticed. Next came the following: "Subject to......clauses as per signed slips attached hereto and made part of this policy." "Permission to keep for sale not exceeding five barrels of kerosene oil, which shall be of not less than the U. S. standard of 110, not to be handled or sold by artificial light within the distance of fifteen feet; also twenty-five pounds of gunpowder, in close tin cases or canisters, not to be sold or handled by artificial light." Next followed a permission to use a gasoline stove for exhibition purposes, with particular stipulations and cau-

tions relating to the use of the gasoline. Then followed, at the end of the slip, the following: "Attaching to and forming part of policy No. 1,277 of the Phenix Insurance Company of Brooklyn. C. N. Victor, Agent." In the printed matter of the policy some 'distance below said blank space, and being a part of the skeleton form of a policy before being filled up, was the following: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  *  *  *  if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above described premises  *  *  *  dynamite,  *  *  *  gasoline, gunpowder exceeding twenty-five pounds in quantity,  *  *  *  or other explosives,  *  *  *  petroleum, or any of its products of greater inflammability than kerosene oil of the United States standard (which last may be used for lights, and kept for sale according to law, but in quantities not exceeding five barrels, provided it be drawn and lamps filled by daylight, or at a distance not less than ten feet from artificial light)," etc. In a subsequent printed part of the policy was the following: "This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto."

The court further found as follows: "(1) The plaintiff has duly performed all conditions to be performed by him in or about the policy, except as to the keeping of dynamite on the premises described in said policy under the circumstances hereinafter set out. If the plaintiff is entitled to recover upon this policy, the sum due him from the defendant thereon is $2,000 and interest thereon since the 15th day of January, 1898. (2) At the time said policy was executed and delivered to the plaintiff, and at all times thereafter, and up to the time of the fire stated in these findings, the plaintiff kept upon the premises, in the brick building described in the policy filed with the complaint, fifty pounds of dynamite.

Dynamite is an explosive, and its explosive force is exceedingly great and destructive. At the time of the fire which destroyed the property insured by said policy, said dynamite .exploded, and the explosion of the same prevented the saving of goods insured by said policy, which would have been saved at said time except for said explosion. (3) On the 13th day of August, 1897, and for.some years prior, dynamite was the usual part of the stock of a retail hardware store in southwestern Indiana, and was an article of merchandise usually kept for sale in a retail hardware store in southern Indiana. That the defendant's agent who took the .policy in suit, Charles Victor, and the defendant company did not have actual knowledge that dynamite was a part of plaintiff's stock of hardware at the time of the execution of the policy sued on."

Counsel for appellant suggest for our consideration the question whether or not the fact that the description of the property insured includes "such other merchandise as is usually kept for sale in a retail hardware store," and the fact that dynamite "was the usual part of the stock of a hardware store in southwestern Indiana [where the store in question was-situated], and was an article of merchandise usually kept for sale in a retail hardware store in southern Indiana," overcome the provision of the policy that it shall be void unless otherwise provided by agreement indorsed thereon or added thereto, "if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed on the above described premises    *    *    *    dynamite," etc.

In the beginning of the policy was the stipulation for insurance against all direct loss or damage by fire, except as afterward in the policy provided, to an amount not exceeding a specified sum, upon the property described in the slip attached in the blank space. This exception related to all subsequent provisions of the policy qualifying the otherwise absolute agreement to insure against such loss or damage. To determine how far in any particular this qualification

extended, all the subsequent provisions bearing upon the matter are to be considered together, and they are to be harmonized so far as the rules of construction applicable to policies of insurance will allow. All the property described in the attached slip must be regarded as covered by the insurance, unless in the slip itself or some subsequent part of the policy there is a controlling exception of some part of such property from the insurance.

The subsequent clause of the printed form relied upon as rendering the policy void because of the keeping of dynamite on the premises does not provide that the policy shall be void absolutely if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used, or allowed dynamite on the premises; but it provides that, notwithstanding any usage or custom of trade or manufacture of keeping, using, or allowing dynamite on the premises, the keeping, using, or allowing of dynamite on the premises shall render the policy void, unless otherwise provided by agreement indorsed on or added to the policy. This is an express direction to look to the matter contained in the attached slips, and if, by reasonable construction of the contents thereof, considered separately, it appears that permission is thereby given to keep, use, or allow dynamite on the premises, the policy will not be rendered void by the exercise of such privilege. If, by the terms of the attached slip, dynamite be included in the property insured upon the premises, then, of course, it will not render the policy void to keep dynamite on the premises. The property described in the slip, besides certain particularly specified kinds, was also "such other merchandise as is usually kept for sale in a retail hardware store,"—all while contained in the certain hardware store described, in the particular locality named. What other merchandise was thus included could not be known judicially from a mere examination of the written instrument, but was a question to be determined upon evidence showing whether or not dynamite was usually kept for

sale in retail hardware stores in the region where this store was located. It was a question of fact.

The matter for decision is not one involving a question merely as to an implied permission arising from a necessity or a usage or custom in a permitted trade or manufacture, authorizing the keeping of an article excepted or forbidden by the general provisions of the policy; but here the description of the property inserted 'in the policy at the time of its execution, by means of a slip, which by the terms of the policy is to have controlling effect, expressly embraces dynamite, if it can be proved to be an article of merchandise usually kept for sale in a retail hardware store.

The adjudicated cases involving the construction of policies with various shades of verbal differences, and the comments of text-writers, sustain sufficiently the conclusion which we have thus reached. We need not do more than cite the following: Wood on Ins., §§64, 206; May on Ins., §§233-239; *Whitmarsh* v. *Conway Ins. Co.*, 16 Gray 359; *Pindar* v. *Kings County Ins. Co.*, 36 N. Y. 648; *Steinbach* v. *La-Fayette Ins. Co.*, 54 N. Y. 90; *Hall* v. *Insurance Co.*, 58 N. Y. 292; *Maril* v. *Connecticut Ins. Co.*, 95 Ga. 604, 23 S. E. 463, 30 L. R. A. 835; *Niagara Ins. Co.* v. *DeGraff*, 12 Mich. 124; *Carrigan* v. *Lycoming Ins. Co.*, 53 Vt. 418; *Collins* v. *Farmville Ins. Co.*, 79 N. C. 279; *Phenix Ins. Co.* v. *Taylor*, 5 Minn. 492; *Faust* v. *American Ins. Co.*, 91 Wis. 158, 64 N. W. 883, 30 L. R. A. 783; *Stout* v. *Commercial Union Assurance Co.*, 11 Biss. 309, 12 Fed. 554; *Harper* v. *Albany Ins. Co.*, 17 N. Y. 194; *Lancaster, etc., Co.* v. *National Ins. Co.*, 170 Pa. St. 151, 32 Atl. 613; *Carlin* v. *Western Assurance Co.*, 57 Md. 515; *Archer* v. *Merchants Ins. Co.*, 43 Mo. 434; *Viele* v. *Germania Ins. Co.*, 26 Iowa 9, 66; *Citizens Ins. Co.* v. *McLaughlin*, 53 Pa. St. 485.

What we have said seems sufficient to cover all matters discussed by counsel. The judgment is affirmed.